**John E. RHODE, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–279A34.**

Court of Appeals of Indiana, First District.

July 3, 1979.

Rehearing Denied Aug. 9, 1979.

E. Kent Moore, Moore, Sandy, Moore & Deets, Lafayette, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

LOWDERMILK, Presiding Judge.

## STATEMENT OF THE CASE

Defendant-appellant John E. Rhode (Rhode) brings this appeal arguing that the trial court erred in denying his motion to withdraw his plea of guilty.

## FACTS

Rhode was charged with criminal trespass and attempted voluntary manslaughter. Pursuant to a plea agreement, Rhode entered a plea of guilty to the charge of attempted reckless homicide. Before sentencing, Rhode filed his motion to withdraw his plea. He asserted, *inter alia*, that attempted reckless homicide is a non-existent crime.

## ISSUE

We need consider only one issue in reviewing this case: Does Indiana recognize the crime of attempted reckless homicide?

## DISCUSSION AND DECISION

IC 1971, 35–42–1–5 (Burns Code Ed., Repl.1979) provides as follows:

"A person who recklessly kills another human being commits reckless homicide, a class C felony. However, if the killing results from the operation of a vehicle, the offense is a class D felony. . . . "

In arguing that our Legislature has created the crime of attempted reckless homicide, the State places emphasis upon the following portion of IC 1971, 35–41–5–1 (Burns Code Ed., Repl.1979):

"(a) A person attempts to commit a crime when, *acting with the culpability required for commission of the crime*, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a class A felony. * * * " (Our emphasis)

IC 1971, 35–41–2–2 (Burns Code Ed., Repl.1979) provides as follows:

"Culpability.—(a) A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so.

(b) A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so.

(c) A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct. * * *"

The State maintains that a person attempts reckless homicide when (a) in plain, conscious, and unjustifiable disregard of harm that might result, (b) he engages in

conduct which constitutes a substantial step toward the reckless killing of another human being.

Perkins provides the following analysis in R. Perkins, Criminal Law 573–74 (2d ed. 1969):

\* \* \* \* \* \*

The word 'attempt' means to try; it implies an effort to bring about a desired result. Hence an attempt to commit any crime requires a specific intent to commit that particular offense. If other elements of an attempt are established 'intent is the crucial question.' One does not attempt to commit a crime by negligently endangering the person or property of another however great the danger or extreme the negligence. . . ."
(Footnotes omitted)[1]

The State maintains that our Legislature departed from the element of specific intent and in its place imposed the element of the same culpability required for commission of the crime attempted: intentionally, knowingly, or recklessly.

Indiana's attempt statute includes language comparable to that found in the criminal attempt statute of the American Law Institute's Model Penal Code (§ 5.01, Tent.Draft 10, 1960):

"(1) Definition of attempt. A person is guilty of an attempt to commit a crime if, *acting with the kind of culpability otherwise required for commission of the crime,* he: \* \* \*" (Our emphasis)

In the Comments following § 5.01 we note this statement at page 27:

"As previously stated, the proposed definition of attempt follows the conventional pattern of limiting this inchoate crime to purposive conduct. In the language of the courts, there must be 'intent in fact' or 'specific intent' to commit the crime allegedly attempted. . . ."
(Footnote omitted)

At page 30 of the Comments appears a specific declaration that reckless conduct is *not* encompassed within the criminal attempt statute in the Model Penal Code.

The comments provided by the Indiana Criminal Law Study Commission include the following explanation with regard to Indiana's attempt statute:

"It is, hopefully, clear that the proposed definition of attempt limits this inchoate crime to *intentional conduct.* There must be 'intent in fact' or 'specific intent' to commit the crime attempted. . . ."[2] (Our emphasis)

▮ Having carefully considered the State's argument, we must hold that our Legislature did not remove the element of specific intent when it drafted Indiana's present attempt statute. Justice Hunter reached this same conclusion when he wrote on behalf of the Supreme Court in the recent case of *Zickefoose v. State,* (1979) Ind., 388 N.E.2d 507, 510:

" . . . Although there are somewhat varying definitions of what conduct actually constitutes an attempt, *there is fundamental agreement on the two necessary elements of the crime. First, the defendant must have been acting with a specific intent to commit the crime,* and second, he must have engaged in an overt act which constitutes a substantial step toward the commission of the crime.

. . . . .

Our statute clearly sets out the two elements necessary for an attempt to commit a crime as (1) acting with the required culpability, and (2) engaging in conduct that constitutes a substantial step toward commission of the crime. . . ."

The Supreme Court affirmed the conviction for attempted murder in *Zickefoose, supra* ; murder is a crime requiring specific intent. To the contrary, the crime of reckless homicide does not require an intent to accomplish a result which would constitute a crime. IC 35–42–1–5; IC 35–41–2–2; *Beeman v. State,* (1953) 232 Ind. 683, 115

---

1. Consider also the analysis found in W. La-Fave & A. Scott, Handbook on Criminal Law § 59 (1972).

2. West's AIC 35–41–5–1, page 477.

N.E.2d 919. Recklessness is shown by a *disregard* for the harm that *might* result. IC 35–41–2–2.

In *State v. Melvin*, (1970) 49 Wis.2d 246, 249–250, 181 N.W.2d 490, 492, Melvin was charged with attempted murder. He argued that the trial court had erred in refusing to read a tendered instruction. The Supreme Court of Wisconsin responded:

"The trial court did not err in refusing to give the requested instruction on attempted homicide by reckless conduct (secs. 940.06 and 939.32, Stats.) because there is no such crime. 'An attempt' by sec. 939.32(2) requires that the actor have an intent to perform acts and attain a result which if accomplished would constitute the crime. Acts to constitute an attempt must unequivocally demonstrate that the actor had such intent . . . . Homicide by reckless conduct does not require any intent to attain a result which if accomplished would constitute a crime; and consequently, one cannot attempt to commit a crime which only requires reckless conduct and not a specific intent. *State v. Carter* (1969), 44 Wis.2d 151, 170 N.W.2d 681."

In closing we quote the following passage from W. LaFave & A. Scott, Handbook on Criminal Law § 59 (1972):

"It has been strongly urged, however, that recklessness or negligence should suffice for attempt liability and that therefore it *should* be possible to attempt such a crime as involuntary manslaughter. 'If a pharmacist is grossly negligent in making up a prescription and the patient dies as a result of taking the dosage on the bottle, the pharmacist is clearly guilty of manslaughter. Surely the policy considerations which dictate such a conviction apply equally if, through chance, the negligent error is discovered before any damage is done. There seems to be every reason for a verdict of attempted manslaughter.' It may well be

that the purposes of the criminal law would be properly served by conviction of the pharmacist for his grossly negligent conduct even though it did not in fact cause harm, but it might be questioned whether this result should be reached by a redefinition of attempt law as opposed to merely making it an offense to engage in negligent or reckless conduct which endangers others." (Original emphasis)

In Indiana our Legislature has done precisely what is recommended in the above treatise. The Legislature has enacted an attempt statute requiring specific intent, and it has also provided IC 1971, 35–42–2–2 (Burns Code Ed., Repl.1979):

"(a) A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness, a class B misdemeanor. However, the offense is a class A misdemeanor if the conduct includes the use of a vehicle or deadly weapon. * * * "

We now hold that the State of Indiana has no statutory crime of attempted reckless homicide.

The judgment is reversed[3] and the cause is remanded to the trial court for further proceedings consistent with this opinion.

ROBERTSON, J., and HOFFMAN, J. (participating by designation), concur.

---

3. During oral argument the State suggested that, because the conviction results from a plea agreement, the conviction should be affirmed even if no such statutory crime exists. The trial court cannot accept a plea of guilty unless it first determines that a factual basis for the plea exists. IC 1971, 35–4.1–1–4 (Burns Code Ed., Repl.1979). There could be no factual basis for a plea of guilty when the crime charged does not exist.