John D. CONLEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 982S346.

Supreme Court of Indiana.

Feb. 25, 1983.

Ray L. Szarmach, East Chicago, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Attempted Battery, a Class C felony, Attempted Murder, a Class A felony, and Resisting Law Enforcement, a Class D felony. He was sentenced to three terms of five years, thirty years and two years respectively. The sentences were ordered to be served concurrently.

The record discloses Officers Zywiec and Decrescenzo of the Schererville Police Department heard a report of a robbery in Griffith, Indiana. The officers stopped a 1974 Pontiac coming from Griffith with a passenger fitting the description of the robbery suspect. The vehicle stopped and the female driver emerged. Officer Zywiec advised her that her passenger fit the description of the suspect and she should tell him to exit the car with his hands up. She returned to the car then ran to one of the officers. The passenger got out of the car and fired gunshots at both of the officers. Although the officers returned fire, the passenger escaped on foot. He was later arrested at his home. Both officers identified appellant as the man who shot at them.

Appellant claims the trial court erred in denying his Motion for Mistrial after a detective volunteered in response to a question propounded by the State that he had obtained appellant's photograph from the Crown Point police.

The ruling on a Motion for Mistrial is within the sound discretion of the trial court. Absent a showing the appellant was placed in a position of great peril to which he should not have been subjected, we will not disturb the court's ruling. *Morgan v. State,* (1981) Ind., 419 N.E.2d 964. Usually a prompt admonition that the testimony is to be disregarded is sufficient to protect the rights of the defendant. *Downs v. State,* (1977) 267 Ind. 342, 369 N.E.2d 1079, *cert. denied,* 439 U.S. 849, 99 S.Ct. 151, 58 L.Ed.2d 151. Although reference to mug shots has been held to place the defendant in such grave peril as to require a new trial, *Fox v. State,* (1980) Ind.App., 399 N.E.2d 827, the determination is made considering all the circumstances and the probable persuasive effect on the jury's decision.

In the case at bar, the prosecutor made no willful or deliberate attempt to elicit from the officer that he had obtained appellant's photograph from a police department. The trial court thoroughly admonished the jury to disregard the comment. The jury indicated that the comment would not be considered in their deliberations. The trial court did not abuse its discretion in overruling appellant's motion for mistrial.

Appellant claims the trial court erred in refusing to give appellant's Tendered Instruction Number 1, regarding the crime of recklessness, a Class A misdemeanor. In order to determine the necessity for an instruction on included offenses, the court must first determine whether the lesser offense is necessarily included within the greater by looking at the language of the statute and the indictment or informa-

tion. Second, it must determine whether there is evidence to support an included offense instruction. *Humes v. State,* (1981) Ind., 426 N.E.2d 379. The precise issue was raised in *Humes, supra,* at 383.

"Since we have clearly held that our attempt statute can have application only to specific intent crimes; and there is no element of specific intent in the offense of recklessness, we hold that the offense of recklessness is not a lesser included offense of the crime of attempted murder, and further, that there can be no crime of 'attempted recklessness.' *See Clemons v. State* [Ind., 424 N.E.2d 113], *supra; Salrin v. State,* (1981) Ind.App., 419 N.E.2d 1351; *Rhode v. State* [Ind. App., 391 N.E.2d 666], *supra.* Accordingly, the tendered instruction on recklessness as a lesser and included offense of attempted murder was properly refused."

We hold the trial court did not err in refusing to give the tendered instruction.

 Appellant claims the evidence is insufficient to support the convictions. Under our standard of review we will not weigh the evidence nor judge the credibility of witnesses. *Harris v. State,* (1981) Ind., 425 N.E.2d 154.

Appellant argues the State failed to elicit sufficient evidence of his intent to kill the officers. Appellant testified he did not intend to shoot either officer. However, both Officers Zywiec and Decrescenzo testified appellant fired at them. Officer Zywiec testified the radiator of his patrol car, positioned between appellant and him, had bullet holes in it. The intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily harm. *Armstrong v. State,* (1981) Ind., 429 N.E.2d 647.

Appellant contends he was so intoxicated at the time of the commission of the offense he was incapable of forming the requisite intent. However, appellant's uncle testified appellant did not appear intoxicated and conversed sensibly shortly after the incident. The resolution of a conflict in evidence is a function for the trier of fact.

It is not a proper consideration for the Supreme Court on appeal.

The trial court is in all things affirmed.

All Justices concur.