**STATE of Tennessee, Appellee,**

v.

**William John SCOTT, Appellant.**

Supreme Court of Tennessee,
at Knoxville.

Oct. 9, 1984.

Crawford & Hays, Chattanooga, for appellant.

John F. Southworth, Jr., Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen. and Reporter, Nashville, for appellee.

## OPINION

COOPER, Chief Justice.

This was a direct appeal from a judgment entered after appellant pled guilty to distributing an imitation controlled substance in violation of T.C.A. § 39–6–454 (Supp.1984). Appellant was allowed to appeal a certified question of law under Tenn. R.Crim.P. 37(b)(2)(i). He challenged the constitutionality of the Tennessee statute on two grounds: the preemption of this area of drug regulation by the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq. (1972 & Supp.1984), and violation of the First Amendment to the Constitution of the United States. We find no merit in these arguments.

T.C.A. § 39–6–454 (Supp.1984) makes it a felony to offer, arrange, or negotiate for the sale, delivery, or distribution of a substance misrepresented to be a controlled substance, and to then make the sale, delivery, or distribution.

21 U.S.C.A. § 331(a)–(c) prohibits the adulteration or misbranding of any food, drug, device, or cosmetic in interstate commerce, and also prohibits the introduction, delivery for introduction, or the receipt of such items into interstate commerce.

21 U.S.C.A. § 352(i) defines a misbranded drug as having a container made, formed, or filed as to be misleading; imitating another drug; or being offered for sale under the name of another drug.

The police powers of a state are not to be preempted by federal legislation unless that was Congress' clear and manifest purpose. *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947). Preemption is compelled only if it is expressly stated in the statute or is implicit in the statute's structure and purpose. *Fidelity Federal Savings & Loan Association v. de la Cuesta*, 458 U.S. 141, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982). The criteria for determining if preemption has occurred are: the pervasiveness of the federal regulation, the dominance of the federal interest, the objective of the federal law and the obligations sought to be imposed by it, and the existence of actual conflict between the laws. *Ray v. Atlantic Richfield Co.*, 435 U.S. 151, 157–58, 98 S.Ct. 988, 994, 55 L.Ed.2d 179 (1978). A conflict will be found only where it is physically impossible to comply with both the federal and state regulations, *Florida Lime and Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–43, 83 S.Ct. 1210, 1217, 10 L.Ed.2d 248 (1963), or where the state law is an obstacle to the purposes and objectives of Congress. *Jones v. Rath Packing Co.*, 430 U.S. 519, 526, 97 S.Ct. 1305, 1310, 51 L.Ed.2d 604 (1977).

The purpose of the Federal Food, Drug, and Cosmetic Act is "the protection of the public from products not proven to be safe and effective for their alleged uses and the safeguarding of the public health by enforcement of certain standards of purity and effectiveness." *United States v. Diapulse Corp. of America*, 457 F.2d 25, 28 (2d Cir.1972). The Act contains no express prohibition of state regulation, and we find no implied preemption. In fact, non-conflicting state drug regulations have been upheld, *Pharmaceutical Society of the State of New York, Inc. v. Lefkowitz*, 586 F.2d 953, 958 (2d Cir.1978), as well as drug

regulations not dealing with the safety or effectiveness of drugs. *Whalen v. Roe,* 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977).

■ There is no conflict between the state and federal statutes here, for T.C.A. § 39–6–454 (Supp.1984) is broader than the federal statutes. Our statute provides a felony penalty for one who "offers, arranges, or negotiates for the sale, delivery or distribution" of a misrepresented substance, and who then sells, delivers, or distributes it. 21 U.S.C.A. §§ 331 and 332 are concerned with keeping misbranded drugs out of interstate commerce, and address only the "introduction or delivery for introduction into interstate commerce" and the receipt of such items. Also, T.C.A. § 39–6–454 (Supp.1984) refers to a misrepresented "substance," while 21 U.S.C.A. § 352 uses the more restrictive term "drugs." Our state statute is not repugnant to or in direct conflict with the federal statute. Both may be simultaneously enforced.

■ Appellant contends that the statute is selectively enforced and purports to make a non-criminal act criminal based only on the spoken word in violation of the First Amendment. We find no evidence in the record to show any selective enforcement, and the First Amendment argument is without merit. Neither the First Amendment nor Article I, Section 19 of the Tennessee Constitution "is subject to analysis in terms of absolutes; all basic rights of free speech are subject to reasonable regulation." *H & L Messengers, Inc. v. City of Brentwood,* 577 S.W.2d 444, 451 (Tenn. 1979). Speech proposing illegal activity can be regulated or banned entirely by the government. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 496, 102 S.Ct. 1186, 1192, 71 L.Ed.2d 362, 370 (1982).

The judgment of the trial court sentencing appellant to six months in the county jail is affirmed. Costs will be paid by the appellant, William John Scott.

FONES, BROCK, HARBISON and DROWOTA, JJ., concur.