769 P.2d 1040

**STATE of Arizona, Appellee,**

v.

**John Edward NUNEZ, Appellant.**

**No. 1 CA-CR 12298.**

Court of Appeals of Arizona,
Division 1, Department D.

Jan. 31, 1989.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

OPINION

GREER, Judge.

Appellant was indicted on March 2, 1987, on three counts of attempted first degree murder and one count of first degree burglary, all class 2 felonies. Prior to trial, the state alleged that the felonies were of a dangerous nature. After a trial by jury, appellant was found guilty as charged. On November 25, 1987, appellant was sentenced to the presumptive term of 10.5 years on each count, with all counts to run concurrently. Appellant was also ordered to pay $15,015.81 in restitution and $400 in felony penalty assessments. Appellant filed a timely notice of appeal.

The facts, taken in a light most favorable to sustaining the verdict, are as follows. On February 23, 1987, appellant began banging on the front door of Leo and Theresa Torres' house. Appellant demanded to speak with Leo Torres, whom he accused of dating his girlfriend. Leo Torres was asleep, and Theresa Torres refused to open the front door. Theresa

Torres telephoned her brother, Richard, to come over and persuade the appellant to leave. When Richard arrived, he found appellant in the front yard. Appellant produced a pistol and shot and injured Richard. He then kicked in the front door, shot both Leo and Theresa Torres, and left the home. On his way off the property, appellant shot Richard one more time. Appellant was followed from the Torres home by neighbors, who alerted the police.

The police apprehended appellant some blocks from the Torres home after he had disposed of his pistol. The arresting officers noted signs of intoxication and gave appellant a breath test which showed that he had a blood-alcohol level of .11%. At trial, appellant defended on the basis that he was too intoxicated to form the necessary intent for attempted murder. On appeal, appellant raises the following issue:

Did the trial court erroneously instruct the jury on first degree murder and attempt?

Affirmed.

## JURY INSTRUCTIONS

At trial, the jury was instructed, in part, as follows:

For the crime of Attempted First Degree Murder, the State must prove that the defendant acted intentionally or knowingly. If you determine that the defendant was intoxicated at the time, you may consider the fact that he was intoxicated in determining whether he could have intentionally or with intent to commit the same crimes (sic). However, you may not consider the fact that he was voluntarily intoxicated in determining whether he could have "knowingly" committed the said crime of attempted first degree murder.

The jury was also instructed on the statutory definitions of first degree murder, attempt, intentionally and knowingly. A.R.S. § 13–1105(A)(1) provides:

(A) A person commits first degree murder if,

1. Intending or knowing that his conduct will cause death such person causes the death of another with premeditation.

A.R.S. § 13–1001(A) provides, in part:

(A) A person commits attempt if, acting with the kind of culpability otherwise required for commission of an offense, such person:

1. Intentionally engages in conduct which would constitute an offense if the attendant circumstances were as such person believes them to be; or

2. Intentionally does or omits to do anything which, under the circumstances as such person believes them to be, is any step in a course of conduct planned to culminate in commission of an offense[.]

A.R.S. § 13–105(6)(a) and (b) provide:

(a) "Intentionally" or "with the intent to" means, with respect to a result or to conduct described by a statute defining an offense, that a person's objective is to cause that result or to engage in that conduct.

(b) "Knowingly" means, with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that his or her conduct is of that nature or that the circumstance exists. It does not require any knowledge of the unlawfulness of the act or omission.

Appellant acknowledges that first degree murder can be committed with either an intentional or knowing state of mind. However, he claims that, since the attempt statute requires an intentional state of mind, the jury instructions referring to either intentional or knowing attempted first degree murder were erroneous. *See, i.e., People v. Kraft,* 133 Ill.App.3d 294, 88 Ill. Dec. 546, 478 N.E.2d 1154 (1985).

In *State v. Galan,* 134 Ariz. 590, 658 P.2d 243 (App.1982), this court considered whether a defendant could commit attempted trafficking in stolen property. Under the trafficking statute, a person need only act recklessly to commit second degree trafficking in stolen property. A.R.S. § 13–2307(A). In discussing whether or not one could intentionally attempt to reck-

lessly traffic in stolen property, this court stated:

> The defendant's argument that an attempt still requires a specific intent which is incompatible with the reckless state of mind does not reckon with all of the language of A.R.S. § 13–1001, the attempt statute. We quote that provision again with emphasis on the words that the defendant's argument ignores:
>
>> A person commits attempt if, *acting with the kind of culpability otherwise required for the commission of an offense, such person,*
>>
>> (1) Intentionally engages in conduct which would constitute an offense if the attendant circumstances were as such person believes them to be.
>
> A common sense reading of the provision leads to the conclusion that the words "intentionally engages in conduct" refers in this case to the actions that make up trafficking like buying property intending to resell it (A.R.S. § 13–2301(B)(3)) and that the words "acting with the kind of culpability otherwise required for the commission of an offense" requires (sic) only that acts be accompanied by a reckless state of mind as to the circumstances attending the status of the property. A contrary conclusion would mean that the words "acting with the kind of culpability otherwise required for the commission of an offense" are superfluous.

*Galan,* 134 Ariz. at 591–592, 658 P.2d at 244–45 (emphasis in original) (footnote omitted). In other words, Galan needed only to intentionally buy property intending to resell it; as to the rest of the elements of the crime, he only needed to act recklessly. The court in *Galan* also noted that the Model Penal Code's proposed definition of attempt, Model Penal Code § 5.01(1), was, in every material respect, like the language of Arizona's attempt statute, A.R.S. § 13–1001(A). *Id.* at 592, 658 P.2d at 245. Quoting from the comments to the Model Penal Code, § 5.01(1), at 27 (Tent. Draft No. 10, 1960), the court stated:

> This section adopts the view that the actor must have for his purpose to engage in the criminal conduct or accomplish the criminal result which is an element of the substantive crime but that his purpose need not encompass all the surrounding circumstances included in the formal definition of the substantive offense. As to them, it is sufficient that he acts with the culpability that is required for commission of a crime.

*Galan,* 134 Ariz. at 592, 658 P.2d at 245.

The analysis in *Galan* is also supported by the Commentary of the Arizona Criminal Code Commission. In discussing changes in the new attempt provision, the Commission noted:

> Fourth, attempt is not limited to "intent in fact" or "specific intent" to commit the offense allegedly attempted. Pursuant to § 600(a)(1) and (2), for an attempt, the defendant need only act with the "kind of culpability otherwise required for commission of an offense" and intentionally engage in conduct which would constitute the offense or constitute a "substantial step in a course of conduct planned to culminate in commission of the offense."

Arizona Criminal Code Commission, Arizona Revised Criminal Code, §§ 600–606, commentary at 81 (1975).

In *State v. Adams,* 155 Ariz. 117, 745 P.2d 175 (App.1987), the defendant was convicted of attempted second degree murder. On the issue of whether or not there was a cognizable offense in Arizona of attempted reckless manslaughter or attempted negligent homicide, an issue specifically left open in *Galan,* 134 Ariz. at 593, 658 P.2d at 246, this court stated:

> Clearly, the statute, like the Model Penal Code and the statute discussed in *Rhode [v. State,* 181 Ind.App. 265, 391 N.E.2d 666 (1979) ], requires the actor to engage in "purposive" conduct. The relevant portion of the intent statute applies to a person who has planned the commission of an offense and intentionally takes any step towards accomplishing the commission of the offense.

*Adams,* 155 Ariz. at 120, 745 P.2d at 178.

In addressing this same question, the drafters of the Model Penal Code agreed

that there should be no attempt crime for negligent or reckless homicide. The Code goes on to state:

When, on the other hand, a person actually believes that his behavior will produce the proscribed result, it is appropriate to treat him as attempting to cause the result, whether or not that is his purpose.

Subsection (1)(b) provides that when causing a particular result is an element of the crime, as in homicide offenses or criminally obtaining property, an actor commits an attempt when he does or omits to do anything with the purpose of causing "or with the belief that it will cause" such result without further conduct on his part. Thus, a belief that death will ensue from the actor's conduct, or that property will be obtained, will suffice, as well as would a purpose to bring about those results. If, for example, the actor's purpose were to demolish a building and, knowing that persons were in the building and that they would be killed by the explosion, he nevertheless detonated a bomb that turned out to be defective, he could be prosecuted for attempted murder even though it was no part of his purpose that the inhabitants of the building would be killed.

Model Penal Code § 5.01.2, at 301 (1985).

After looking at these authorities and their interpretation of or application to the Arizona attempt statute, we conclude that attempted first degree murder can be knowingly committed and, as such, is an offense in Arizona. *Galan* holds that the Arizona attempt statute does not require a defendant to act intentionally as to all elements of an offense. *Adams* and the Model Penal Code conclude that the attempt statute generally punishes conduct consistent with either an intentional or knowing state of mind.

While cases from other jurisdictions have come to different conclusions regarding jury instructions for attempted murder which refer to a knowing state of mind, *see, i.e., People v. Kraft, supra,* Arizona's statute has not been interpreted to require an intentional state of mind for all elements of the attempted crime. Accordingly, the jury instruction in this case was a correct statement of Arizona law.

For the foregoing reasons, the conviction and sentence are affirmed.

CORCORAN and GRANT, JJ., concur.