817 P.2d 15

**STATE of Arizona, Appellee,**

v.

**Manuel Ignacio PADILLA, Appellant.**

**No. 1 CA–CR 89–759.**

Court of Appeals of Arizona,
Division 1, Department B.

May 2, 1991.

Review Denied Oct. 8, 1991.

Robert K. Corbin, Atty. Gen. by Ronald L. Crismon, Acting Chief Counsel, Crim. Div., and Eric A. Bryant Asst. Atty. Gen., Phoenix, for appellee.

John C. Williams, Prescott, for appellant.

## OPINION

EHRLICH, Judge.

Manuel Ignacio Padilla appeals from his conviction for knowingly offering to sell cocaine, and from the sentence imposed. Padilla contends that his conviction cannot stand because his conduct, which consisted

solely of speech, is protected by the First Amendment to the United States Constitution and Article 2, Section 6 of the Arizona Constitution. He also claims that the sentence imposed is unconstitutional, arguing that because an offer to sell cocaine is punished to the same extent as an actual sale of cocaine, the sentence is disproportionate to the crime in violation of the prohibition of cruel and unusual punishment of the Eighth Amendment to the United States Constitution and Article 2, Section 15 of the Arizona Constitution. We reject these arguments and affirm the judgment.

## FACTS

Matthew Drake, a felon and former drug addict, found himself in trouble with the police and consented to act as a "cooperating witness." He agreed to make twelve purchases of narcotics in exchange for the dismissal of criminal charges against him. Padilla's conviction arose out of one of Drake's transactions.

On March 23, 1988, Drake went to Padilla's place of employment to buy narcotics. Drake testified that Padilla agreed to get Drake some cocaine after Padilla had finished work. The two men met at a convenience store and Padilla made some telephone calls. Drake and Padilla then drove to a bar where Drake waited while Padilla went to get the cocaine. Padilla returned empty-handed.

Padilla subsequently was convicted of one count of offering to sell a narcotic in violation of A.R.S. § 13-3408. He was sentenced to the presumptive term of seven years in prison.

## DISCUSSION

■ Padilla argues that A.R.S. § 13-3408 is overbroad, and thus unconstitutional, because it makes criminal protected speech. In analyzing such a claim, this court has a duty to construe a statute in such a way that, if fairly possible, it will be constitutional. *E.g., Schecter v. Killingsworth,* 93 Ariz. 273, 282, 380 P.2d 136, 142 (1963). There is a strong presumption supporting the constitutionality of statutes,

and the party challenging the validity of a statute has the burden to establish its invalidity beyond a reasonable doubt. *Rochlin v. State,* 112 Ariz. 171, 174, 540 P.2d 643, 646 (1975). Padilla has failed to meet this burden.

■ As noted in *State v. Lycett,* 133 Ariz. 185, 190, 650 P.2d 487, 492 (App. 1982), the legislature has broad discretion to define criminal offenses. As long as the classification of an act is not arbitrary or capricious, the act will withstand constitutional challenge. *Id.* A statute is overbroad only when its language, given a normal meaning, "is so broad that the sanctions may apply to conduct which the state is not entitled to regulate." *State ex rel. Purcell v. Superior Court,* 111 Ariz. 582, 584, 535 P.2d 1299, 1301 (1975).

■ In this case, A.R.S. § 13-3408 is not overbroad because it does not punish protected speech. The court in *United States v. Barnett,* 667 F.2d 835, 842 (9th Cir.1982), in addressing the extent of First Amendment protection, stated: "The first amendment does not provide a defense to a criminal charge simply because the actor uses words to carry out his illegal purpose." *See Schenck v. United States,* 249 U.S. 47, 52, 39 S.Ct. 247, 249, 63 L.Ed. 470 (1919) ("The most stringent protection of free speech would not protect a man in falsely shouting fire in a theatre and causing a panic.").

In *Lycett,* the defendant challenged A.R.S. § 44-1731, which prohibited a fraudulent strategy commonly known as a "pyramid scheme," on the grounds that it punished protected speech and conduct. The court said:

> ... A.R.S. § 44-1731 does not begin to encroach on any constitutionally protected activities. In this case, the speech and conduct proscribed by § 44-1731 which encourages others to join a pyramid scheme is what is specifically made illegal under the terms of the statute, and does not amount to constitutionally protected speech:
>
> "(I)t has never been deemed an abridgement of freedom of speech or

press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed."

*Giboney v. Empire Storage & Ice Co.,* 336 U.S. 490, 502, 69 S.Ct. 684, 691, 93 L.Ed. 834, 843–44 (1949).

133 Ariz. at 191, 650 P.2d at 493.

In *State v. Scott,* 678 S.W.2d 50 (Tenn. 1984), the defendant challenged the constitutionality of a Tennessee statute which made it a crime to offer for sale a controlled substance because it allegedly makes criminal protected speech. In rejecting this First Amendment argument, the Tennessee Supreme Court observed: "Speech proposing illegal activity can be regulated or banned entirely by the government." *Id.* at 52.

The court in *State v. Mosley,* 55 Ohio. App.2d 178, 380 N.E.2d 731, 734 (1977), also concluded that a statute which made it a crime to offer for sale a narcotic drug was not overbroad: "[T]he legislature may constitutionally prohibit and make illegal an offer to sell a controlled substance."

The legislature clearly has the power to prohibit an offer to sell a narcotic substance. The criminal act is not the speech, but rather the offer to sell the narcotic drug. An "offer" is not so much a matter of speech as it is an act of presentation for consideration, for acceptance or rejection. *See Webster's New Universal Unabridged Dictionary* (2d ed. 1983). Section 13–3408 is not overbroad because it does not criminalize protected speech; it proscribes a course of conduct that may be carried out by speech.

■ Padilla next claims that because an offer to sell cocaine is punished to the same degree as an actual sale, the sentence imposed is unconstitutional because it is disproportionate to the crime. He maintains that an offer to sell is akin to an attempt, and therefore should be treated as a lesser-included offense of the completed crime of sale of a narcotic. It thus would carry a lesser range of punishment. We reject this argument because its premise is faulty; the crime of offering to sell a narcotic drug is not akin to an attempt. An attempted offense commonly is one which has not been completed. A.R.S. § 13–1001; *State v. Nunez,* 159 Ariz. 594, 596, 769 P.2d 1040, 1042 (App.1989). An offer to sell narcotic drugs is a completed offense. *See Mosley,* 380 N.E.2d at 734. It is "generally recognized that attempts are less serious than completed crimes." *Solem v. Helm,* 463 U.S. 277, 293, 103 S.Ct. 3001, 3011, 77 L.Ed.2d 637 (1983).

The legislature has determined that offering to sell illegal drugs is as serious as the sale of illegal drugs.

There is a presumption that the legislature acts constitutionally, and when there is a reasonable, even though debatable, basis for the enactment of the statute, we will uphold the statute unless it is clearly unconstitutional. If the court can discover any purpose related to public health, safety or welfare which the statute could serve, we will not question the wisdom of the legislation ... [Citation omitted.]

*State v. McInelly,* 146 Ariz. 161, 163, 704 P.2d 291, 293 (App.1985). We cannot say that the legislature, in prohibiting offers to sell marijuana, narcotics or dangerous drugs, acted unreasonably or that such prohibition violates the Constitution of either the United States or Arizona. *See Mosley,* 380 N.E.2d at 734. The state has a legitimate interest in stopping the illegal distribution of controlled substances, and it is perfectly proper to halt this illegal activity at the time of an offer to sell a narcotic substance rather than waiting for the consummation of the bargain. The sentence imposed was constitutional.

We have reviewed the record for fundamental error pursuant to A.R.S. § 13–4035 and we have found none. For the foregoing reasons, the conviction and sentence imposed are affirmed.

JACOBSON, P.J., and EUBANK, J., concur.