37 F.3d 1504
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Andrew Elbert BOST, aka Scott Jones, Petitioner-Appellant,
v.
Samuel LEWIS; Arizona Attorney General, Respondents-Appellees.
 No. 94-15682.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 6, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrew Elbert Bost appeals the denial of his petition for habeas corpus under 28 U.S.C. Sec. 2254. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 Bost was arrested inside a car, and had in his possession tools suitable for its theft. He had damaged the steering column and removed parts of the ignition switch. Bost was convicted in Arizona state court of burglary in the third degree, attempted theft by control, and possession of burglary tools. He was sentenced to concurrent terms of imprisonment on all three convictions.
 
 
 4
 Bost claims that his convictions for both burglary and attempted theft violate the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. He argues that the convictions amount to multiple convictions for a single act of attempted theft because his entry into the car was the sole basis for his burglary conviction, but was also a necessary step in the attempted theft, and therefore cannot be separately punished.
 
 
 5
 The United States Supreme Court recently reaffirmed that double jeopardy claims are analyzed under the Blockburger test. United States v. Dixon, 113 S.Ct. 2849, 2856 (1993); see Blockburger v. United States, 284 U.S. 299 (1932). According to Blockburger, if each offense contains an element not contained in the other, they are not considered the same offense and are not barred under the Double Jeopardy Clause. See Blockburger v. United States, 284 U.S. at 304.
 
 
 6
 Under Arizona law, "[a] person commits burglary in the third degree by entering or remaining unlawfully in or on a nonresidential structure or in a fenced commercial or residential yard with the intent to commit any theft or any felony therein." A.R.S. Sec. 13-1506(A). The definition of "structure" includes a vehicle. A.R.S. Sec. 13-1501(8). A person commits theft if, without lawful authority, that person knowingly controls property of another with the intent to deprive him of such property. A.R.S. Sec. 13-1802. An attempted offense is one that has not been completed. State v. Padilla, 169 Ariz. 70, 72, 817 P.2d 15 (Ct.App.1991).
 
 
 7
 The crimes of burglary and of attempted theft thus require proof of different elements and do not constitute one offense for double jeopardy purposes. Bost completed the burglary when he entered the car with the intent of stealing it. He committed a second crime, attempted theft, when, without lawful authority, he also attempted to control the car with the intent of stealing it, as evidenced by the damage to the steering column and removal of parts of the ignition switch. As Bost admits, if he had attempted to tow the car without entering it, he could have been convicted of attempted theft, but not of burglary. Entering the car is thus a separate offense and Bost's convictions for burglary and attempted theft do not violate the Double Jeopardy Clause. The district court therefore properly denied the petition for habeas corpus.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3