928 P.2d 647

**The STATE of Arizona, Appellee,**

v.

**Jerry Dean McCOY, Appellant.**

**No. 2 CA–CR 94–0510.**

Court of Appeals of Arizona,
Division 2, Department A.

Feb. 13, 1996.

Review Denied Nov. 19, 1996.

Grant Woods, Attorney General by Paul J. McMurdie and Dawn M. Northup, Phoenix, for Appellee.

Law Offices of Thomas Jacobs by Thomas Jacobs, Tucson, for Appellant.

## OPINION

PELANDER, Judge.

Appellant was convicted by a jury of participating in a criminal street gang, a class two felony. A.R.S. § 13–2308(A) and (G). The trial court imposed an aggravated, fifteen-year sentence, enhanced by one prior conviction and appellant's commission of the offense while he was on parole. Appellant raises three issues on appeal, none of which requires reversal.

Viewed in the light most favorable to sustaining the jury's verdict, *State v. Atwood*, 171 Ariz. 576, 832 P.2d 593 (1992), *cert. denied*, 506 U.S. 1084, 113 S.Ct. 1058, 122 L.Ed.2d 364 (1993), the relevant facts are as follows. Appellant moved to Tucson from California, where he had been a member of a gang since the 1980s. In Tucson, he became acquainted with his girlfriend's son and a number of his friends who belonged to a gang called the "Bratz." Several Bratz members testified that appellant was present at a barbecue at the son's house attended by a number of Bratz members and that he spoke to them about his experiences in the California gang. He advised them to formalize their gang by electing officers, collecting money to establish a bail fund for members, and spray painting more gang graffiti to make their presence known in their territory. He also advised them to "jump in" more loyal members and "jump out" those who were not loyal. There was testimony explaining that "jumping" or "courting" meant initiating a new member or removing a current member by means of a group beating in which a number of members participated in beating or kicking the person "jumped" or "courted." Finally, he advised them to establish friendly relations with other gangs who would support them.

Several witnesses also testified about three violent incidents involving Bratz members. First, C.C. and several members testified about their participation when C.C. was "jumped out" because she was allegedly disloyal to the gang. This was accomplished by four or more of the female members beating her and then kicking her when she fell to the ground. As a consequence, at least two of the participants were convicted of or adjudicated delinquent on charges of aggravated assault. Other witnesses testified about a similar beating of a male member, and a photograph was introduced into evidence showing his "jumping in" as appellant stood nearby. Finally, several witnesses testified about a drive-by shooting by a male Bratz member aimed at members of another gang who were "flashing" gang signals at him.

The statutes under which appellant was charged provided, at the time of this offense,[1] as follows:

§ 13–2301. Definitions

A. For purposes of §§ 13–2302 through 13–2304:

\*　　\*　　\*　　\*　　\*　　\*

---

1. Both appellant and the state have based their arguments about the constitutionality of the statutes on their current version, which is the result of amendments that became effective after this offense occurred. Our decision is based on the statutes as they read prior to the 1994 amendments. *See* 1994 Ariz.Sess.Laws, ch. 200, §§ 13 and 14.

2. "Criminal street gang" means a criminal syndicate which is composed of three or more persons and which engages in or has as its purpose engaging in felony offenses included in chapter 34 of this title or felony offenses involving physical injury or threats of physical injury.[2]

\* \* \* \* \* \*

C. For the purposes of this chapter:

\* \* \* \* \* \*

2. "Criminal syndicate" means any combination of persons or enterprises engaging, or having the purpose of engaging, on a continuing basis in conduct which violates any one or more provisions of any felony statute of this state.

§ 13–2308. Participating in or assisting a criminal syndicate; leading or participating in a criminal street gang

A. A person commits participating in a criminal syndicate by:

3. Furnishing advice or direction in the conduct, financing or management of a criminal syndicate's affairs with the intent to promote or further the criminal objectives of a criminal syndicate. . . .

\* \* \* \* \* \*

G. A person who violates subsection A, paragraph 1, 2, 3 or 4 of this section for the benefit of, at the direction of or in association with any criminal street gang, with the intent to promote, further or assist any criminal conduct by the gang, is guilty of a class 2 felony.

■ Appellant first contends that § 13–2308 is unconstitutionally overbroad because it regulates constitutionally protected free speech. Further, he argues, even if his "speech" were not protected because of its content, the statute is unconstitutionally vague "in its limits and proscriptions." As to the first point, it is clear that the statute does not criminalize constitutionally protected speech but, rather, proscribes criminal conduct evidenced by speech. Contrary to appellant's contention, his conviction was not predicated simply on his act of advising or counseling the gang as to noncriminal matters. The statute proscribes such advice only when it is given "with the intent to promote or further the criminal objectives of a criminal syndicate." A.R.S. § 13–2308(A)(3).[3] Words spoken with the intent to cause the commission of a criminal act are not protected by the First Amendment. *State v. Crisp,* 175 Ariz. 281, 855 P.2d 795 (App.1993); *State v. Padilla,* 169 Ariz. 70, 817 P.2d 15 (App.1991). And, because the statute clearly applies to appellant's conduct, assuming that the state could prove the requisite intent, he has no standing to complain that its asserted vagueness infringes the rights of others. *Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); *State v. Tocco,* 156 Ariz. 116, 750 P.2d 874 (1988).

■ Appellant next argues that the trial court erred in denying his motion for directed verdict of acquittal, made pursuant to Ariz.R.Crim.P. 20, 17 A.R.S., because the state had failed to prove that the Bratz was a criminal syndicate or criminal street gang or that appellant's advice to the Bratz was intended to further the gang's criminal objectives. A defendant is entitled to a judgment of acquittal only if there is no substantial evidence to warrant a conviction. *State v. Hallman,* 137 Ariz. 31, 668 P.2d 874 (1983). The test is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Appellant apparently argues that the Bratz was merely a group of teenagers who wanted to be in a gang, that they committed only misdemeanors, and that they neither

---

2. We are aware that this definition was not made expressly applicable to § 13–2308. The jury was instructed based on this definition, however, and appellant does not appear to have objected to this instruction.

3. This provision of the statute also answers appellant's complaint that it contains no require-

ment that the defendant be aware that the group to which he is speaking is a criminal street gang or criminal syndicate. Such knowledge is unnecessary; what is required is that the defendant know of the criminal objectives of the group and intend to promote or further them.

committed nor intended to commit felonies. The record belies this contention. Specifically, the evidence showed the Bratz committed at least three felony offenses involving physical injury or the threat thereof, one of which was committed in appellant's presence. Moreover, the evidence supported a finding that the Bratz committed aggravated assaults on an ongoing basis as part of their ritual for initiating new members and ousting disloyal members. Thus, the evidence was more than sufficient to permit the jury to find that the Bratz was both a criminal syndicate and a criminal street gang within the meaning of the applicable statutes.

The same is true with respect to the element of intent. Contrary to appellant's assertions, the evidence showed that he did more than merely recount episodes from his California gang days and provide innocent advice on how best to organize the group. He also advised its members to continue their initiation practices, albeit on a more moderate level, and to increase their "tagging," or graffiti activities, both criminal offenses. From this, from his prior affiliation and experience in another gang, and from his presence at least one "jumping in," the jury could reasonably infer both his knowledge of this gang's felony criminal activity and his intent to promote the same. The trial court properly denied the motion for directed verdict.

■ Finally, appellant contends that the trial court erred in admitting certain notes, letters, photographs, and a "roll call," all with gang logos and insignia on them, which were seized from the homes of several of the gang members. He argues that they were inadmissible hearsay and that they were admitted without proper foundation as to who had authored the writing found on them. We reject both arguments. The writing on these exhibits was not offered to prove the truth of any of the words contained therein, but rather as evidence of the knowledge and participation of the possessor. For that reason, they were not hearsay, and the identity of their author was irrelevant. *See generally* M. Udall, *et al., Arizona Practice: Law of Evidence* § 122 (3d ed. 1991); *see also Unit-*

*States v. Jaramillo–Suarez,* 950 F.2d 1378 (9th Cir.1991).

We have reviewed the entire record for fundamental error and have found none. We therefore affirm appellant's conviction.

LIVERMORE, P.J., and FERNANDEZ, J., concur.