No. 02–20. STEWART, DIRECTOR, ARIZONA DEPARTMENT OF CORRECTIONS, ET AL. *v.* McCoY. C. A. 9th Cir. Motion of respondent for leave to proceed *in forma pauperis* granted. Certiorari denied.

Statement of JUSTICE STEVENS respecting the denial of the petition for writ of certiorari.

An Arizona jury found respondent guilty of participating in a criminal syndicate, and the trial court sentenced him to a term of 15 years' imprisonment. After his conviction was affirmed by the Arizona Court of Appeals, the Federal District Court granted his petition for a writ of habeas corpus, and the Court of Appeals for the Ninth Circuit affirmed the order releasing him from custody. The harsh sentence for a relatively minor offense provides a permissible justification for this Court's discretionary decision to deny the warden's petition for certiorari. Nevertheless, the issue raised by her petition has sufficient importance to merit comment.

The specific crime committed by respondent was giving advice to members of a street gang. In the words of the relevant Ari-

zona statute, he was guilty of: "Furnishing advice or direction in the conduct, financing or management of a criminal syndicate's affairs with the intent to promote or further the criminal objectives of a criminal syndicate."[1] The evidence showed that he had been a member of a street gang in California before moving to Arizona, and that at two social gatherings he gave several members of a Tucson gang specific advice on how to operate their gang.[2] The state appellate court concluded that the evidence was sufficient to prove his knowledge of the Tucson gang's criminal activities and his intent to promote those activities. It also rejected respondent's contention that the statute violated the First Amendment because it prohibited constitutionally protected speech.

The federal courts both concluded, however, that respondent's speech was protected by that Amendment. Relying primarily on *Brandenburg* v. *Ohio*, 395 U. S. 444 (1969) *(per curiam)*, and *Hess* v. *Indiana*, 414 U. S. 105 (1973) *(per curiam)*, the Court of Appeals held that respondent's speech "was mere abstract advocacy" that was not constitutionally proscribable because it did not incite "imminent" lawless action.[3] Given the specific character of respondent's advisory comments, that holding is surely debatable. But whether right or wrong, it raises a most important issue concerning the scope of our holding in *Brandenburg*, for our opin-

---

[1] Ariz. Rev. Stat. Ann. § 13–2308(A)(3) (West 2001).

[2] "Appellant moved to Tucson from California, where he had been a member of a gang since the 1980s. In Tucson, he became acquainted with his girlfriend's son and a number of his friends who belonged to a gang called the 'Bratz.' Several Bratz members testified that appellant was present at a barbecue at the son's house attended by a number of Bratz members and that he spoke to them about his experiences in the California gang. He advised them to formalize their gang by electing officers, collecting money to establish a bail fund for members, and spray painting more gang graffiti to make their presence known in their territory. He also advised them to 'jump in' more loyal members and 'jump out' those who were not loyal. There was testimony explaining that 'jumping' or 'courting' meant initiating a new member or removing a current member by means of a group beating in which a number of members participated in beating or kicking the person 'jumped' or 'courted.' Finally, he advised them to establish friendly relations with other gangs who would support them." *State* v. *McCoy*, 187 Ariz. 223, 224, 928 P. 2d 647, 648 (App. 1996).

[3] 282 F. 3d 626, 631 (CA9 2002).

ion expressly encompassed nothing more than "mere advocacy," 395 U. S., at 449.

The principle identified in our *Brandenburg* opinion is that "the constitutional guarantees of free speech and free press do not permit a State to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." *Id.*, at 447. While the requirement that the consequence be "imminent" is justified with respect to mere advocacy, the same justification does not necessarily adhere to some speech that performs a teaching function. As our cases have long identified, the First Amendment does not prevent restrictions on speech that have "clear support in public danger." *Thomas* v. *Collins*, 323 U. S. 516, 530 (1945). Long range planning of criminal enterprises—which may include oral advice, training exercises, and perhaps the preparation of written materials—involves speech that should not be glibly characterized as mere "advocacy" and certainly may create significant public danger. Our cases have not yet considered whether, and if so to what extent, the First Amendment protects such instructional speech. Our denial of certiorari in this case should not be taken as an endorsement of the reasoning of the Court of Appeals.