**Manuel GONGORA, Petitioner— Appellant,**

v.

**Terry L. STEWART, Director; et al., Respondents—Appellees.**

**No. 04–16052.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2006.

Decided March 22, 2006.

---

Thomas J. Phalen, Esq., Phoenix, AZ, for Petitioner—Appellant.

Consuelo Marie Ohanesian, Office of the Arizona Attorney General, Phoenix, AZ, for Respondents—Appellees.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Manuel Gongora appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A Certificate of Appealability (COA) was issued with respect to whether the failure to define "criminal street gang" is fundamental error that denied Gongora due process of law. We affirm as to that issue, and decline to certify the other issues that he briefed.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner must demonstrate that the state court's adjudication of the merits resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts. *See Lockyer v. Andrade,* 538 U.S. 63, 70–73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). As Gongora did not object to the instructions, the Arizona Court of Appeals applied a "fundamental error" standard of review. This is consistent with federal law. *See Neder v. United States,* 527 U.S. 1, 9, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). "It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." *Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977).

The Arizona court's determination that fundamental rights were not violated is not contrary to clearly established federal law or an unreasonable application of it. The instructions were based on, and recited the elements set forth in, A.R.S. § 13–3102, which prescribes the offense of misconduct involving weapons. Section 13–3102 does not define "criminal street gang," and A.R.S. § 13–2301(a) (1993), which did, was not applicable to the misconduct involving weapons offense for which Gongora was prosecuted. *See State v. McCoy,* 187 Ariz. 223, 225 n. 2, 928 P.2d 647 (Ariz.Ct.App. 1996) (recognizing that the definition was not made expressly applicable to all of Title 13 in case where instruction based on it was given without objection). Accord-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

192

ingly, the appellate court's determination was not contrary to *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). At most, the failure to define "criminal street gang" made the instructions less clear than they might have been, but given the evidence adduced and the theory of the defense (that Gongora was showing off instead of acting to further the purposes of South Side Esse), there is no reasonable likelihood that the jury applied the instructions in a way that violates the Constitution. *Boyde v. California*, 494 U.S. 370, 380, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990).

In light of this disposition, Gongora cannot make a substantial showing of the denial of a constitutional right on either of his related, but uncertified, arguments— that his right to a jury trial on an essential element was violated under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and that counsel was ineffective for failing to pursue a definitional instruction, *see Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, we decline to broaden the COA to include them. *Nardi v. Stewart*, 354 F.3d 1134, 1137 (9th Cir.2004) (noting standard for broadening scope of a COA); *see also Miller–El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

We have reviewed the remaining uncertified issues that Gongora briefed, but conclude that none meets the standard for broadening the COA.

**AFFIRMED.**