628 P.2d 61

**The STATE of Arizona, Appellee,**

v.

**Eric Owen MANN and Mary Lou Mann, Appellants.**

**No. 2 CA–CR 2176.**

Court of Appeals of Arizona, Division 2.

March 27, 1981.

Rehearing Denied April 22, 1981.

Review Denied May 12, 1981.

Richard S. Oseran, Pima County Public Defender by Barry J. Baker Sipe, Asst. County Public Defender, Tucson, for appellants.

OPINION

HOWARD, Judge.

Is the Salvation Army collection box a "structure" within the meaning of A.R.S. Sec. 13–1506(A) and Sec. 13–1501(8)? We hold that it is and affirm appellants' conviction of burglary, third-degree.

Appellants were caught by the police while they were removing used clothing from a Salvation Army collection box. The box in question was located on a corner of the intersection of Ft. Lowell Road and Dodge Boulevard in Tucson. It was approximately six feet high and four feet deep by four feet wide, made of tin metal. About four feet from the bottom of one side it had an unlockable chute-like door for depositing items. The items in the box were regularly collected about every 36 hours. The Salvation Army removed the articles through a locked trap door located near the bottom of another side. Mary Lou Mann removed the clothing by reaching into the unlocked chute.

■ A.R.S. Sec. 13–1506 provides in part:

"A. A person commits burglary in the third degree by entering or remaining unlawfully in a non-residential structure ... with the intent to commit any theft ... therein."

The word structure is defined in A.R.S. Sec. 13–1501(8):

"'Structure' means any building, object, vehicle, railroad car or place with sides and a floor, separately securable from any other structure attached to it and used for lodging, business, transportation, recreation or storage."

Appellants contend that the trial court erred when it instructed the jury that the Salvation Army collection box was a nonresidential structure as a matter of law. They claim that this was a question of fact for the jury. We do not agree. The box had sides and a floor and it was used for

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

storage. There were no facts in dispute and its nature was a question of law for the court. The trial court did not err in its instruction.

■ Appellants next contend the trial court erred in refusing to give their Instruction No. 14 which stated that abandoned property cannot be the subject of a theft. Appellants' contention that the clothing inside the Salvation Army collection box was abandoned, however, is without merit. The property was not abandoned but was donated to the Salvation Army and in its possession.

■ Appellants also argue that the trial court erred in the giving of an aiding and abetting instruction to the jury. We note, first of all, that no objection was ever made at trial to the giving of this instruction. In any event, if there were any error, it was harmless beyond a reasonable doubt since appellants were caught "red-handed" and when they took the witness stand at trial, they admitted they took the clothing from the box in order to sell it at a swap meet.

Affirmed.

HATHAWAY, C.J., and BIRDSALL, J., concur.