COBB, Judge.
This case presents a question of first impression: Is an unenclosed motorcycle a “structure” as contemplated by the statutory provisions of section 806.01, Florida Statutes (1985), relating to the crime of arson in the second degree? [1] The applicable statute provides:
806.01 Arson.—
(1)Any person who willfully and unlawfully, by fire or explosion, damages or causes to be damaged:
(a) Any dwelling, whether occupied or not, or its contents;
(b) Any structure, or contents thereof, where persons are normally present, such as: Jails, prisons, or detention centers; hospitals, nursing homes, or other health care facilities; department stores, office buildings, business establishments, churches, or educational institutions during normal hours of occupancy; or other similar structures; or
(c) Any other structure that he knew or had reasonable grounds to believe was occupied by a human being, is guilty of arson in the first degree, which constitutes a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) Any person who willfully and unlawfully, by fire or explosion, damages or causes to be damaged any structure, whether the property of himself or another, under any circumstances not referred to in subsection (1), is guilty of arson in the second degree, which constitutes a felony of the second degree, punishable as provided in s. 775.082, s. 775.-083, or s. 775.084.
(3) As used in this chapter, “structure” means any building of any kind, any enclosed area with a roof over it, any real property and appurtenances thereto, any tent or other portable building, and any vehicle, vessel, watercraft, or aircraft.
Jones was charged with violation of section 806.01(2) by willfully damaging, by fire or explosion, the victim’s motorcycle. The trial court dismissed the charge, based on its determination that the statutory provision only pertains to vehicles which are covered or could be used for human habitation.
The state contends that, by definition, a motorcycle is a vehicle under subsection (3) above, regardless of whether it is enclosed or has a roof over it. The state points to definitions found in Chapters 316, and 320, Florida Statutes (1985), which treat a motorcycle as a “motor vehicle,” and argues that the term “motor vehicle” is logically subsumed within the term “vehicle.” From a policy standpoint, the state contends that the arson statute includes motorcycles because they have fuel tanks subject to detonation and consequent public risk.
Jones argues that the crime of igniting an unoccupied motorcycle is addressed by section 806.13, Florida Statutes (1985), the criminal mischief statute, which prohibits *755 willful damage to personal property. He contends that, as the trial court found, the more serious offense of second degree arson should only apply to the burning of “that type of structure that has a roof or sides where a special risk from fire exists to possible inhabitants or visitors,” and that the word “vehicle” in subsection (3) refers only to “cars and other vehicles with sides or roofs or other covered vehicles.”
In the absence of the statute, we candidly would not construe an ordinary motorcycle to be a structure. However, the statutory language is present and we are bound to follow it. The dissent does not interpret the statute, rather, it completely rewrites it. The dissent contends that the purpose of section 806.01(2) is to “more severely punish those who burn structures which can be inhabited.” This rationale overlooks section 806.01(1), which in actuality serves that purpose by providing that the burning of a dwelling, or any structure where persons are or believed to be present, will be treated as a first-degree felony, rather than a second-degree felony, as under section 806.01(2).
Based on the legislative definition of the term “structure,” the trial court erred in dismissing the charge of arson in the second degree. Accordingly, the trial court’s order of dismissal is reversed and this cause remanded for further proceedings.
REVERSED and REMANDED.
COWART, J., concurs.
DAUKSCH, J., dissents with opinion.

. The original opinion in this case, reported at 497 So.2d 723 (Fla. 5th DCA 1986), certified this question to the Florida Supreme Court, pursuant to Florida Rule of Appellate Procedure 9.125. The supreme court subsequently refused jurisdiction, thus necessitating this opinion.