887 P.2d 586

**The STATE of Arizona, Respondent,**

v.

**Richard B. NICHOLS, Petitioner.**

**No. 2 CA–CR 94–0083–PR.**

Court of Appeals of Arizona, Division 2, Department B.

June 30, 1994.

Review Denied Jan. 24, 1995.

Stephen D. Neely, Pima County Atty. by John W. Dickinson, Tucson, for respondent.

Susan A. Kettlewell, Pima County Public Defender by Susan M. Quillin, Tucson, for petitioner.

## OPINION

DRUKE, Chief Judge.

Petitioner pled guilty to five counts of arson of a structure, a class four nondangerous, nonrepetitive offense, and was sentenced to aggravated prison terms totalling fifteen years. He sought post-conviction relief, challenging the factual basis for his plea and his sentence. The trial court summarily denied relief, and this petition for review followed.

The convictions were based on petitioner's conduct in setting fire to five trash dumpsters. Petitioner contends that a dumpster is not a "structure" within the meaning of A.R.S. § 13–1703, the statute under which he was convicted. As relevant here, the term is defined in A.R.S. § 13–1701(4) as "any ... object ... or place with sides and a floor, separately securable from any other structure attached to it and used for ... storage." Petitioner argues that a dumpster has a "bottom" rather than a "floor," but offers no basis or reason for this distinction. He also argues that the legislative purpose of protecting items "stored" within a "structure" is not furthered by applying the statute to this case because the only things contained in a dumpster are items which have been discarded.

The first point is answered by *State v. Mann*, 129 Ariz. 24, 25–26, 628 P.2d 61, 62–63 (App.1981), where the court held that a Salvation Army collection box constituted a "structure" for purposes of the burglary statute because it had "sides and a floor and it

**58**

was used for storage." We see no relevant physical distinction between a dumpster and the collection box in *Mann.*

 We also reject the notion that, because trash "stored" in a dumpster may have no value, the legislature could not have intended to include dumpsters within the definition of "structure." Whether items stored in a structure have value is irrelevant. The statute applies regardless of whether anything is actually being stored at the time of the arson. Additionally, petitioner's argument ignores the fact that a dumpster has value precisely because it can be used to store worthless items until their removal and disposal. Moreover, we do not agree that all items stored in a dumpster are necessarily worthless; as is sometimes said, "one man's trash is another man's treasure." In sum, the dumpster qualified as a "structure" within the meaning of the statute, and the factual basis was therefore sufficient.

Petitioner next argues that the trial court erred in imposing an aggravated sentence based on its conclusion that petitioner presented a "clear and present danger," that there was no suitable placement for him in intensive probation and that mental health treatment would not be effective. As to the first point, he argues that the judge was not qualified to make this assessment without expert assistance and that none can be found in the record. He also contends that the court failed to consider a more positive evaluation by Dr. Gurland, a psychiatrist. In denying relief, the trial judge indicated that she had used the phrase "clear and present danger" to characterize petitioner in the ordinary sense, not as the phrase is used in the civil commitment context. She further noted that her conclusion was based on petitioner's prior convictions for arson, his lack of remorse and the number of fires he set in this case. The record also shows that these offenses were committed less than a year after petitioner was paroled for the prior arson convictions. Under these circumstances, no expert testimony was required to support the trial judge's finding that petitioner presented a danger to the community, and we find no error.

As to the existence of treatment alternatives, the plea agreement expressly provided that only intensive probation was available, thus eliminating other placement alternatives. Neither in the trial court nor before this court has petitioner indicated what placement could have been made available to him, consistent with the agreement and his mental problems. We therefore find no error and reject petitioner's claim that counsel was ineffective in failing to present treatment alternatives.

Finally, we find no merit to petitioner's claim that the trial court had no basis for concluding that petitioner could not be helped with appropriate mental health treatment. From the comments at sentencing, we infer the court's conclusion that, based on petitioner's conduct and his lack of insight into or understanding of his behavior, the risk that he would reoffend and injure someone was too great to warrant placing petitioner on probation. This conclusion is supported by the record.

The petition for review is granted; relief is denied.

ESPINOSA, P.J., and HATHAWAY, J., concur.