MICKLE, Judge.
J.C., a juvenile, appeals from an order placing him on community control for committing the delinquent act of damaging a structure in violation of the arson statute. In this case of first impression in Florida, the appellant contends that because a large, enclosed covered recycling container does not meet the statutory definition of a “structure,” as contemplated in section 806.01, Florida Statutes (1995) (arson), the trial court should have granted his motion for judgment of acquittal. Having determined that, as a matter of law, the container that the appellant damaged does fall within the statutory definition of “structure,” we affirm the order.
*766 In its information, the state charged the appellant with violating subsection (2) of the arson statute by willfully and unlawfully, by fire or explosion, damaging a structure located at Woodville Elementary School. The definitional portion of the statute states:
As used in this chapter, “structure” means any building of any kind, any enclosed area with a roof over it, any real property and appurtenances thereto, any tent or other portable building, and any vehicle, vessel, watercraft, or aircraft.
§ 806.01(3), Fla.Stat. The following testimony was presented at the adjudicatory hearing. An employee of the Leon County Board of County Commissioners, which owns the damaged property, described the item as a covered, roll-off container — about 16’ long, 8’ wide, and T tall — specifically designed to allow schools to recycle goods. It has metal wheels and a hook-lift mechanism that is used to pull and lift the container so that its contents can be dumped into a truck. While filled with about 700 telephone books and other paper products on January 30, 1996, the recycling container sustained fire damage of approximately $650.00. The school principal described the large container as having a door at one end as well as an opening on top through which paper can be dumped. We conclude that the state presented other sufficient evidence to support the trial court’s finding that the appellant was the perpetrator of the burning offense. Therefore, the sole issue on appeal is a question of law, i.e., whether the large, enclosed, covered recycling container satisfies the statutory definition of “structure.” See United States v. Trident Seafoods Corp., 92 F.3d 855, 862 (9th Cir.1996); United States v. Neville, 82 F.3d 1101 (D.C.Cir.1996) (whether an individual is a “public official” within the meaning of a bribery statute is a question of law subject to de novo review).
Subsection (2) of the arson statute, pursuant to which the appellant was charged, is intended to protect property from damage by fire. Smith, L. “Fla.Stat. § 806.01: Florida Arson Law — The Evolution of the 1979 Amendments,” 8 Fla. St. U.L.Rev. 81 (1980). This subsection states in pertinent part, “Any person who willfully and unlawfully ..., by fire or explosion, damages or causes to be damaged any structure, ... under circumstances not referred to in subsection (1) [which addresses dwellings or other places where persons are normally present], is guilty of arson in the second degree, ...” Subsection (3) of the statute, defining “structure,” includes “any building of any kind” or “any enclosed area with a roof over it” and any appurtenances thereto. The evidence indicates not only that the large recycling container has sides and a cover, but also that it is appurtenant to the elementary school building. Given the unambiguous statutory language and the evidence adduced, we are bound to follow the law as it is written. State v. Jones, 501 So.2d 753, 755 (Fla. 5th DCA 1987).
Our holding is consistent with the rulings in two Arizona cases with similar facts. In State v. Nichols, 181 Ariz. 56, 887 P.2d 586 (App.1994), Nichols was convicted of arson of a structure after burning a trash dumpster. The arson statute defined “structure” to include “any ... object ... or place with sides and a floor, separately seeurable from any other structure attached to it and used for ... storage.” § 13-1701(4), Ariz.Rev.Stat. The Arizona court rejected Nichols’ argument that the legislature did not intend for a dumpster to be a “structure” because its contents had been discarded and allegedly lacked value. Id., 887 P.2d at 587-88. Just as the Nichols court refused to distinguish the container’s “bottom” (which the defense admitted the dumpster had) from a “floor” for purposes of interpreting the arson statute, we conclude there is no meaningful difference between the recycling container’s “cover” and a “roof,” as contemplated in section 806.01(3), Florida Statutes (1995). In State v. Mann, 129 Ariz. 24, 628 P.2d 61 (App.1981), a Salvation Army collection box qualified as a “structure” because it had sides and a floor and was used for storage. As the evidence in Mann demonstrated that Mann had removed clothing from the container, the record supported his conviction of burglary of a non-residential structure pursu *767 ant to a statutory definition of “structure” like the one in Nichols.
AFFIRMED.
WEBSTER and LAWRENCE, JJ., concur.