865 P.2d 138

**STATE of Arizona, Appellant,**

v.

**Donald Lee JONES and Michael Lee Jones, Appellees.**

**No. 1 CA–CR 92–1758.**

Court of Appeals of Arizona, Division 1, Department D.

Dec. 14, 1993.

---

Richard M. Romley, Maricopa County Atty. by Daniel F. McIlroy, Deputy County Atty., Phoenix, for appellant.

Neal W. Bassett, Phoenix, for appellees.

## OPINION

GERBER, Presiding Judge.

In this case, we affirm the superior court's determination that the Maricopa County zoning ordinance under which appellees were convicted is both unconstitutionally vague and overbroad.

### FACTS AND PROCEDURAL HISTORY

Appellees Donald Lee Jones and Michael Lee Jones ("the Joneses") were charged with six zoning violations, all class two misdemeanors. The state alleged that they operated a nude-dancing establishment contrary to the 1969 Amended Zoning Ordinance for the Unincorporated Areas of Maricopa County, ("the ordinance"), including Article XIX, section 1902(8), and in violation of Ariz.Rev. Stat.Ann. ("A.R.S.") section 11–808(C). The ordinance requires certain enterprises to obtain a special-use permit prior to operation. One enterprise that requires such a permit is defined in the ordinance at Article II, section 202(1–a)(b):

*Adult Live Entertainment Establishment:* An establishment which features topless or bottomless dancers, go-go dancers, exotic dancers, strippers or similar entertainers.

The Joneses operated a nude-dancing facility described as "Desert Oasis, Exotic Nude Dancing, Private Rooms, Dancing Girls." They did not have a special-use permit.

They moved the trial court (East Mesa Justice Court) to dismiss the charges on the grounds that the ordinance under which they were charged is unconstitutionally vague and overbroad. At an evidentiary hearing the state's investigator testified about activity he observed in their establishment that resulted in the charges.

The investigator also testified about how he interpreted the ordinance. He defined "go-go dancer" as someone who dances on stage while topless or bottomless in front of an audience for fees, funds or salary. He defined an "exotic dancer" as someone who arouses the sexual passions in somebody. He described "strippers" as persons who remove some or all of their clothes in a dance routine. He admitted that years ago a Dallas Cowboy Cheerleader would have been considered a "go-go dancer." The investigator admitted that he could not define "similar entertainer."

The investigator viewed photographs of scenes from classical theater which depicted various degrees of nudity and sexual content. For the most part, he concluded that such theatrical exhibitions did not fall within the ordinance's coverage based on "context," which he did not define. He stated that fine arts performances are not covered by the ordinance because they are performed "before a very large group." He indicated that another important distinction is the proximity of the dancer to the audience. At oral argument following the hearing, the prosecutor distinguished activity subject to the ordinance based on whether the activity was performed in "sleazy settings."

Following oral argument, the court denied the Joneses' motion to dismiss the charges. Pursuant to stipulation, the Joneses waived their right to jury trial, and the state agreed to drop all but one count. The court considered the exhibits and the investigator's report and found them guilty. The court fined defendants $725 and placed them on six-months probation.

The Joneses timely appealed to the Maricopa County Superior Court challenging the constitutionality of the zoning ordinance. The superior court held the ordinance unconstitutionally vague and overbroad and reversed the convictions.

The state then filed this timely appeal of the superior court's decision.

### DISCUSSION

The court of appeals is not bound by a trial court's conclusions of law. *City of Scottsdale v. Thomas,* 156 Ariz. 551, 552, 753 P.2d 1207, 1208 (App.1988). Our jurisdiction over this matter is limited to the facial validity of the challenged statute. *State v. Martin,* 127

Ariz.Adv.Rep. 22 (App. Dec. 10, 1992); A.R.S. § 22–375.

The state contends that the superior court incorrectly determined that the ordinance is unconstitutionally vague and overbroad. We disagree with the state.

*Vagueness*

■ "As a matter of due process, a law is void on its face if it is so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application." *E.g.*, Lawrence H. Tribe, *American Constitutional Law* § 12–31, at 1033 (2d ed. 1988) (citing *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926)). The purpose of the vagueness doctrine is to: 1) ensure fair notice of prohibited activity; 2) prevent arbitrary enforcement; and 3) avoid inhibiting free expression when such rights are implicated. *State v. Western*, 168 Ariz. 169, 171, 812 P.2d 987, 989 (1991) (citing *Grayned v. City of Rockford*, 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972)).

The state argues that it can regulate nude dancing. The Joneses do not contest that proposition, nor did the superior court. The narrower issue is whether the state attempted to regulate nude dancing via an ordinance that is unconstitutionally vague.

■ The vagueness doctrine applies to zoning regulations as well as criminal prohibitions. "[W]hen a zoning law infringes upon a protected liberty, it must be narrowly drawn and must further a sufficiently substantial government interest." *Schad v. Borough of Mount Ephraim*, 452 U.S. 61, 68, 101 S.Ct. 2176, 2182, 68 L.Ed.2d 671 (1981) (vagueness analysis applied to zoning regulation); *See also Nichols v. Planning and Zoning Com'n of Town of Stratford*, 667 F.Supp. 72, 77–79 (D.Conn.1987) (vagueness of zoning ordinance regarding religious use of property rendered it unconstitutional).

■ The state has failed to articulate for the ordinance any government interest, much less a "substantial" one. Assuming there is such an interest, the ordinance still is not narrowly drawn. The terms in section 202(1–a)(b) are imprecise, subjective and undefined. The ordinance provides no objective standard. It potentially sweeps within its coverage free-speech rights.

We are compelled to compare the ordinance to the one found unconstitutionally vague in *Western*. In that case, the defendant was convicted in justice court under a Scottsdale ordinance prohibiting dancing partially clothed in a night club. The Scottsdale ordinance, far more detailed than the one now before us, prohibited "striptease performers" from using specified movements and gestures while performing. It defined "striptease performer" as someone who uses certain body motions while in "varying degrees of undress." The superior court and the court of appeals affirmed her conviction; however, the Arizona Supreme Court reversed. *Western*, 168 Ariz. at 170, 812 P.2d at 988.

The supreme court noted that "various degrees of undress" had "no precise or ascertainable meaning ..." *Id.* at 171, 812 P.2d at 989. The phrase failed to fairly warn the public of precisely what activity was prohibited. *Id.* at 172, 812 P.2d at 990. The court also concluded that the key provisions of the Scottsdale ordinance were so "nebulous and uncertain of definition that they raise[d] substantial dangers of arbitrary and discriminatory application." *Id.* (quotations omitted).

The language "[T]opless or bottomless dancers, go-go dancers, exotic dancers, strippers or similar entertainers" is as nebulous and subjective as is the offending language in *Western*. This phrase does not define with reasonable precision the dancing activity or degree of nudity necessary for a special permit. It does not specify whether it applies only to public performances. It does not differentiate at all between male and female performers. Nor does the ordinance's language support the investigator's belief that a performance's "artistic" quality or size of audience is relevant. The ordinance also does not indicate whether consideration of the "sleaziness" of the setting is relevant. In

short, it leaves up to police, prosecutors and judges the task of determining on an uncharted, ad hoc basis which activity requires a permit.

■ In *Western*, the supreme court found unpersuasive the same assurances offered in the present case that the police always use good judgment in enforcing the ordinance notwithstanding its apparent vagueness. *Id.* It is not, however, the role of the police to determine arbitrarily what activities should be proscribed. That is the role of legislative bodies, and the law should not depend on good human judgment. *See State v. Steiger,* 162 Ariz. 138, 146, 781 P.2d 616, 624 (App. 1989) (legislature has "sole power to determine what acts constitute crimes").

The state's argument that a "sleaze" criterion differentiates protected and unprotected activity reveals how enforcement of a vague statute becomes arbitrary when left solely to police discretion. Obviously, "sleaze," even if it were an explicit element of the ordinance, would add no more objectivity to the ordinance, nor would it ensure more consistent enforcement.

■ The state contends that the Joneses lack standing to challenge the ordinance for vagueness because, as the Joneses concede, it clearly covers their enterprise. For this argument, the state relies on *Young v. American Mini Theatres, Inc.,* 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976). That case held:

> [I]f the statute's deterrent effect on legitimate expression is not both real and substantial, and if the statute is readily subject to a narrowing construction by the state courts, the litigant is not permitted to assert the rights of third parties.

*Id.* at 60, 96 S.Ct. at 2447 (citations and quotations omitted). Thus, *two* conditions must be met for a defendant *not* to have standing to assert a statute's vagueness with respect to its application to others—1) the statute must be readily subject to a narrowing construction, *and* 2) the statute must not deter legitimate expression. *See also Steiger,* 162 Ariz. at 144–45, 781 P.2d at 622–23.

Clearly, the first condition is not met here. We are unable to devise a narrowing construction without effectively rewriting the ordinance. While we do construe a statute's meaning, we are unwilling to insert words of limitation of our own invention because that practice exceeds our authority to construe. "For the court to now limit the statute's reach by introducing words of limitation would be to encroach upon the legislature's sole power to determine what acts constitute crimes." *Id.* at 145–46, 781 P.2d at 623–24.

The second condition required to defeat standing—whether the ordinance deters legitimate expression—is dubious at best. The *Western* court considered the same unquantifiable potential for deterrence to be sufficient in that case. 168 Ariz. at 172–73, 812 P.2d at 990–91. In that case, as in this one, due to the ambiguity of the ordinance, the targeted activity could embrace "classical ballet, modern dance, and Broadway-type performances." *Id.* Even those who have observed activity advertised as topless or bottomless dancers, go-go dancers, exotic dancers and strippers probably have varying definitional elements for such activity. The diversity of definitions among those who have never witnessed such activity must be even greater. The phrase challenged here throws too wide a net into the stream of legitimate expression.

The subjectivity of the ordinance becomes clear when the ordinance has to be translated into jury instructions. *Western* observed that the task of imagining jury instructions for the Scottsdale ordinance exposed its defects. There, the court asked, "[H]ow would the judge explain what qualified as a various degree of undress or which movements would support a finding that the defendant was a striptease performer?" *Western,* 168 Ariz. at 172, 812 P.2d at 890. In the present case, we could ask how would a judge explain the meaning of "topless or bottomless dancers, go-go dancers, exotic dancers, strippers or similar entertainers?" The only way one could explain those terms would be to rely on personal notions of their meaning, just as the state's investigator and prosecutor did at the

hearing. Thus, on the basis of vagueness alone, the ordinance is unconstitutional.

■ The state implies that even if the ordinance reaches protected activity, it is a valid time, place and manner restriction. We disagree. To be a valid time, place and manner restriction rather than an invalid prior restraint, the restricted activity covered by the ordinance must be "basically incompatible" with other uses of the geographic area covered by the ordinance. *Schad*, 452 U.S. 61, 74–77, 101 S.Ct. 2176, 2185–87. No evidence has been presented to establish that the activity covered by the ordinance, nude dancing or other implicated forms of expression, is incompatible with enterprises in the Joneses' area that do not require a special-use permit.

In addition, "a law subjecting the exercise of First Amendment freedoms to the prior restraint of a license, without narrow, objective and definite standards to guide the licensing authority, is unconstitutional." *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 150–51, 89 S.Ct. 935, 938, 22 L.Ed.2d 162 (1969). The ordinance is not narrow enough to pass this test. It allows too much discretion as to which enterprises require a permit, and it provides no objective criteria regarding the grounds for granting or denying the permit.

### Overbreadth

■ The superior court also correctly determined that the ordinance is overbroad. "An overbroad statute is one designed to burden or punish activities which are not constitutionally protected, but the statute includes within its scope activities which are protected by the First Amendment." John E. Nowak et al., *Constitutional Law* ch. 18, § III, at 868 (2d ed. 1983). The law is settled that dancing is a protected form of expression; even nude dancing enjoys some protection. *E.g., id.; Schad*, 452 U.S. at 66, 101 S.Ct. at 2181.

*Western* is instructive on overbreadth. That case held the Scottsdale ordinance overbroad as well as vague. The supreme court

pointed out that the vagueness impermissibly criminalized constitutionally protected non-obscene dancing along with the targeted unprotected (or less-protected) activity. *Western*, 168 Ariz. at 173, 812 P.2d at 991. The vagueness of the *Western* ordinance also caused the ordinance to be overbroad.

■ The situation here parallels *Western*. The ordinance contains no objective limitations on its application. Special-use permits could be required for musicals, plays and other legitimate forms of expression in which a performer could be described as "topless or bottomless," "exotic," a "stripper" or a similar entertainer.

■ Contrary to the state's assertion, the Joneses are entitled to challenge the overbreadth of the ordinance even if it clearly applies to them. That issue was addressed in *Western*, where the supreme court stated:

> [W]e believe the issue is settled by Justice Rehnquist's words in *Doran*:
>
> > We have previously held that even though a statute or ordinance may be constitutionally applied to the activities of a particular defendant, that defendant may challenge it on the basis of overbreadth if it is so drawn as to sweep within its ambit protected speech or expression of other persons not before the Court.

*Western*, 168 Ariz. at 173, 812 P.2d at 991; *citing Doran v. Salem Inn*, 422 U.S. 922, 932, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975); *see also Matter of Juvenile Appeal No. 74802–2*, 164 Ariz. 25, 30, 790 P.2d 723, 728 (1990); *Franzi v. Superior Court of Arizona In and For Pima County*, 139 Ariz. 556, 563, 679 P.2d 1043, 1050 (1984); Lawrence H. Tribe, *American Constitutional Law* § 12–32, 1035–37 (2d ed. 1988). Thus, defendants have standing to challenge the overbreadth of the ordinance, and we hold that it is overbroad.

## CONCLUSION

That provision of the Maricopa County ordinance dealing with adult live entertainment establishments, Article II, section 202(1–a)(b), is unconstitutionally vague and overbroad. We invalidate this provision as a whole. The superior court's decision to reverse the Joneses' convictions is affirmed.

GRANT and FOREMAN[1], JJ., concur.

---

1. The Honorable John Foreman, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art VI, § 3.