898 P.2d 513

**STATE of Arizona, Appellant,**

v.

**Eric Haywood WEINSTEIN, Appellee.**

**No. 1 CA–CR 94–0093.**

Court of Appeals of Arizona,
Division 1, Department D.

June 20, 1995.

---

* The Honorable J. Thomas Brooks, Retired, was authorized to participate in this appeal by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 20 and Ariz.Rev. Stat.Ann. § 38–813.

Richard M. Romley, Maricopa County Atty. by Diane E.W. Gunnels, Deputy County Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for appellee.

## OPINION

GERBER, Presiding Judge.

The state appeals the trial court's dismissal of a theft by extortion charge against defendant Eric Haywood Weinstein (Weinstein). We conclude that Arizona Revised Statutes Annotated (A.R.S.) section 13–1804(A)(6), under which Weinstein was indicted, is unconstitutionally overbroad because it encompasses a substantial amount of protected speech. Accordingly, we affirm the trial court's ruling.

### BACKGROUND

Weinstein was indicted on charges of first-degree computer fraud, a class 3 felony, in violation of A.R.S. section 13–2316(A), and theft by extortion, a class 4 felony, in violation of A.R.S. section 13–1804(A)(6). The extortion charge arose from a letter he wrote to his landlord demanding a refund of his security deposit and the remainder of his rent. His letter informed his landlord that if he did not receive the $650.00 due him, he would take the following actions: (1) file suit immediately; (2) send significant records concerning the landlord's business to the landlord's business competitor; (3) contact the landlord's parole officer and inform him that the landlord had violated parole; and (4) send press releases to the media informing them of the landlord's involvement in alleged criminal activities.

Prior to trial, Weinstein filed a motion to dismiss the extortion charge asserting that A.R.S. section 13–1804(A)(6) was both vague and overbroad. In response, the state argued that the statute was a valid enactment that prohibited "blackmail."

Following oral argument, the trial court dismissed the extortion charge with prejudice, finding that the statute was overbroad:

I don't need to hear further argument from the defense. I agree, that this is an unconstitutional statute. If we omit unnecessary words, the statute makes it a crime to expose a true fact tending to impair his credit or business. That, I don't believe can be a constitutional crime or a constitutional statute to define a crime in those terms. Indeed, it would impair free speech ... [i]f you were not able to state true facts ... just because they tend to impair someone's credit or business.

The state then requested that the trial court dismiss the fraud charge without prejudice so that it could appeal the ruling on unconstitutionality. The trial court declined and dismissed the charge with prejudice.

The state filed a timely notice of appeal from the dismissal of the extortion charge. This court has jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1) and 13–4032(1).

### DISCUSSION

A statute is unconstitutionally overbroad if it proscribes expression protected by the First Amendment. *State v. Jones*, 177 Ariz. 94, 99, 865 P.2d 138, 143 (App.1993) (citing John E. Nowak et al., *Constitutional Law* ch. 18, § III, at 868 (2d ed. 1983)). Even if the conduct generating the criminal charge is not constitutionally protected and falls within the statute's legitimate scope, a defendant may challenge it on the basis of overbreadth "if it is so drawn as to sweep

within its ambit protected speech or expression of other persons not before the Court." *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 933, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975).[1] Before a statute will be invalidated as facially overbroad, however, its deterrent effect on legitimate expression must be "not only real, but substantial as well . . . ." *Broadrick v. Oklahoma,* 413 U.S. 601, 615, 93 S.Ct. 2908, 2917, 37 L.Ed.2d 830 (1973).

■ Arizona Revised Statutes Annotated section 13–1804(A)(6) provides:

A. A person commits theft by extortion by knowingly obtaining or seeking to obtain property or services by means of a threat to do in the future any of the following:

. . . .

6. *Expose a secret or an asserted fact, whether true or false, tending to subject anyone to hatred, contempt or ridicule or to impair his credit or business.*

(Emphasis added.) We agree with the trial court that this statute impairs free speech.

■ Criminal or legitimate, a threat in either event constitutes a form of expression. *State v. Steiger,* 162 Ariz. 138, 144, 781 P.2d 616, 622 (App.1989) (holding subsection (A)(8) of A.R.S. section 13–1804 unconstitutionally vague); *see also Wurtz v. Risley,* 719 F.2d 1438, 1443 (9th Cir.1983) (holding Montana's "intimidation" statute unconstitutionally overbroad). A statute criminalizing pure speech must be interpreted with the First Amendment in mind. *Watts v. United States,* 394 U.S. 705, 707, 89 S.Ct. 1399, 1401, 22 L.Ed.2d 664 (1969). "Speech does not lose its protected character . . . simply because it may embarrass others or coerce them into action." *NAACP v. Claiborne Hardware Co.,* 458 U.S. 886, 910, 102 S.Ct. 3409, 3423, 73 L.Ed.2d 1215 (1982). We must then distinguish between illegal threats and constitutionally protected threats. *Watts,* 394 U.S. at 707, 89 S.Ct. at 1401.

■ Certain threats fall outside the scope of protected speech, for example, "fighting words" provoking immediate violence, *Chaplinsky v. New Hampshire,* 315 U.S. 568, 572, 62 S.Ct. 766, 769, 86 L.Ed. 1031 (1942), and threats of death or physical injury, *United States v. Khorrami,* 895 F.2d 1186, 1192 (7th Cir.), *cert. denied,* 498 U.S. 986, 111 S.Ct. 522, 112 L.Ed.2d 533 (1990). These recognized illegal threats are not at issue here.

Other lesser threats constitute protected expression. For example, in *NAACP v. Claiborne Hardware Co.,* citizens of Claiborne County, Mississippi, organized a consumer boycott in order to achieve racial equality and integration. 458 U.S. at 889, 102 S.Ct. at 3413. Nonparticipants repeatedly were urged to join through public address and personal solicitation. Names of boycott violators were read aloud at church meetings and published in a local newspaper. The Supreme Court found that the organizers' use of "social pressure and the 'threat' of social ostracism" to persuade others to join the boycott fell within the ambit of protected speech. *Id.* at 909–10, 102 S.Ct. at 3424.

Section 13–1804(A)(6) makes criminal not only protected political threats such as those described above but also threats common in everyday business and personal interactions. Under this statute, it would be a felony for

— a homeowner to notify his contractor that if the contractor does not arrange to have a subcontractor return to fix shoddy work, he will report him to the Registrar of Contractors;

— a new car owner, frustrated with the repeated breakdown of his vehicle, to inform the dealer that if the dealer does not replace the car or refund his money, he will report him to the Better Business Bureau and write a letter informing his friends not to patronize the dealership;

— a store owner to tell a customer to pay a delinquent bill or else he will report the customer to a credit reporting agency;

— an attorney to send a demand letter on behalf of a client stating that the recipient must perform certain duties under a contract or face suit;

— a mother to inform her former husband that if he does not pay back child support, she will report him to the court where he risks incarceration.

1. The state does not contest Weinstein's standing to challenge the statute's constitutionality.

Other examples abound but we do not need to belabor the point. Arizona Revised Statutes Annotated section 13–1804(A)(6) is "so broad in potential application that the overbreadth must be viewed as 'not only real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.'" *Melugin v. Hames*, 38 F.3d 1478, 1489 (9th Cir.1994) (quoting *Broadrick v. Oklahoma*, 413 U.S. at 615, 93 S.Ct. at 2917).

■ Clearly aware of this prospect, the state requests that we impose a limiting construction on the statute to preserve its constitutionality. Certainly, this court is obligated to give a statute a constitutional construction whenever possible. *State v. Padilla*, 169 Ariz. 70, 71, 817 P.2d 15, 16 (App. 1991). We regularly indulge the strong presumption that legislative enactments are constitutional. *Id.* But there are limits to our ability to rescue unconstitutional legislation.

■ The state suggests that we construe A.R.S. section 13–1804(A)(6) to limit it to "wrongful" threats. Apart from the question-begging involved in doing so (criminal statutes need to define rather than simply assert illegality), the statute's evolution makes it clear that the Arizona legislature intended no such limitation. In the analo-

gous 1901 territorial statutes, the definition of extortion included the phrase "wrongful use [of] force or fear."[2] When Arizona became a state, the legislature retained this "wrongful" language in the definition of extortion contained in Chapter VII, sections 512–514 of the 1913 Penal Code and also retained it in the Code's 1928 revision.[3] However, the 1977 legislature deleted this language from the extortion statute when it revised the criminal code effective in 1978. Accordingly, we cannot read into this statute language that the legislature intentionally and specifically excluded.

Arizona's present extortion statute mirrors in part the 1962 Model Penal Code (MPC) section 223.4.[4] A comparison of these two statutes illustrates the 1977 legislature's intent to adopt the broadest possible statute. That legislature substituted a "knowingly" culpability requirement in place of the MPC's "purposely." It further expanded the statute's scope by adding the emphasized words "obtaining *or seeking to obtain*" property "*or services*", as well as the words "secret *or asserted fact, whether true or false*", which are not found in the MPC. Lastly, the 1977 legislature chose to omit the affirmative defense of honest claims of restitution or indemnification found in MPC section 223.4.[5]

---

**2.** Penal Code, Title XIII, Ch. VII, §§ 469–470 of Revised Statutes of the Arizona Territory (1901) provided:

> **469.** Extortion is the obtaining of property from another with his consent induced by a *wrongful* use or [sic] force or fear or under color of official right. [Emphasis added.]
> **470.** Fear such as will constitute extortion may be induced by a threat, either:
>   1. To do an unlawful injury to the person or property of the individual threatened or to any relation of his or member of his family; or
>   2. To accuse him or any relation of his or member of his family of any crime; or,
>   3. To expose or impute to him or them any deformity or disgrace; or,
>   4. to expose any secret affecting him or them.

**3.** The 1928 Revised Code of Arizona, Penal Code, Ch. 105, Art. 6, § 4770 provided:

> **§ 4770. Extortion defined; fear, how may be induced.** Extortion is the obtaining of property from another with his consent induced by *wrongful* use of force or fear, or under color of official right. The fear may be induced by a threat, either to do an unlawful injury to the person or property of the individual threatened

or to any relative of his family; or to accuse him or them of any crime; or to expose or impute to him or them any deformity or disgrace; or to expose any secret affecting him or them. [Emphasis added.]

**4.** Model Penal Code § 223.4 provides in pertinent part:

> **Theft by Extortion**
>   A person is guilty of theft if he purposely obtains property of another by threatening to:
>   . . . .
>   (3) expose any secret tending to subject any person to hatred, contempt or ridicule, or to impair his credit or business repute. . . .

**5.** The affirmative defense found in MPC § 223.4 provides:

> It is an affirmative defense to prosecution based on paragraphs (2), (3) or (4) that the property obtained by threat of accusation, exposure, lawsuit or other invocation of official action was honestly claimed as restitution or indemnification for harm done in the circumstances to which such accusation, exposure, lawsuit or other official action relates, or as compensation for property or lawful services.

Thus, the present statute criminalizes the very type of good faith negotiations that the drafters of the MPC desired to exclude.[6]

 Reading a requirement of a "wrongful" threat into this subsection would not solve the overbreadth. Such a term does not truly inform the public what conduct is prohibited. What could make one threat "wrongful" and another not? What true fact can one such as Weinstein lawfully threaten to "expose" without doing a "wrong" to one such as his landlord? A statute is void for vagueness "if it fails to give persons of average intelligence reasonable notice of what behavior is prohibited or is drafted in such a manner that it permits arbitrary and discriminatory enforcement." *Steiger*, 162 Ariz. at 141, 781 P.2d at 619 (citing *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)). In a word, to adopt the state's proposal to read "wrongful" into the statute would substitute one statutory infirmity for another and simply move the inquiry to the undefined meaning of that term.

As presently written, A.R.S. section 13–1804(A)(6) broadly criminalizes expression protected by the First Amendment. To render this statute constitutional, we would have to "read into it something that the legislature has not put there." *Steiger*, 162 Ariz. at 145–46, 781 P.2d at 623–24. Doing so would substitute our judgment for the legislature's with respect to what conduct should be prohibited. Our role, however, is not to determine what acts should be crimes or "wrongs"; that responsibility belongs solely to the legislature. *State v. Frey*, 141 Ariz. 321, 324, 686 P.2d 1291, 1294 (App.1984). "[W]hen we allow ourselves to be guided by intuition that [the legislature] didn't really mean what it said, we are no longer interpreting laws, we are making them." *United States v. Phelps*, 895 F.2d 1281, 1283 (9th Cir.1990) (Kozinski, J. dissenting from the denial of rehearing en banc). Thus, we leave to a thoughtful legislature the task of narrowing A.R.S. section 13–1804(A)(6) to confine its coverage to those expressions properly prohibited beyond the constitutional permissions of the First Amendment.

### CONCLUSION

We conclude that A.R.S. section 13–1804(A)(6) encompasses a substantial amount of protected speech. For this court to introduce words of limitation to restrict its reach would "encroach upon the legislature's sole power to determine what acts constitute crimes." *Steiger*, 162 Ariz. at 146, 781 P.2d at 624. Accordingly, we hold that A.R.S. section 13–1804(A)(6) is unconstitutionally overbroad. The trial court's decision to dismiss the extortion charge against Weinstein is affirmed.

CONTRERAS and VOSS, JJ., concur.

---

6. We do not decide today whether A.R.S. section 13–1804(A)(6) would be constitutional if it contained an affirmative defense provision.