IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

ELIZABETH LEE ANNE GILL, *Appellee*.

No. 1 CA-CR 13-0790
FILED 08-21-2014

Appeal from the Superior Court in Yavapai County
No.  P1300CR201300747
The Honorable Cele Hancock, Judge

**VACATED AND REMANDED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Dennis M. McGrane
*Counsel for Appellant*

C. Kenneth Ray, II, P.C., Prescott
By C. Kenneth Ray, II
*Counsel for Appellee*

**OPINION**

Presiding Judge John C. Gemmill delivered the opinion of the Court, in which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

**G E M M I L L**, Judge:

¶1        The State of Arizona appeals from an order dismissing without prejudice five counts of third-degree burglary pursuant to Arizona Revised Statutes ("A.R.S.") section 13-1506(A)(1) against Defendant Elizabeth Lee Anne Gill.  The issue presented is whether a mailbox is a "nonresidential structure" as defined in A.R.S. § 13-1501(10) and (12) for purposes of third-degree burglary.  Because we conclude a mailbox is a nonresidential structure that can be burglarized, we vacate the trial court's ruling and remand for further proceedings.

## BACKGROUND

¶2        While Gill was on felony probation, she was found by a probation officer to be in possession of several letters and checks addressed to numerous individuals who lived on her newspaper delivery route.  Gill admitted she took the items out of the victims' mailboxes.

¶3        Gill was charged with one count of aggravated taking the identity of another person or entity, a class three felony, five counts of third-degree burglary, class four felonies, and one count of theft of property holding a value less than $1,000, a class 1 misdemeanor.  Gill accepted a plea agreement requiring her to plead guilty to one count of third-degree burglary.  The trial court, however, refused to accept the plea agreement because the court did not agree with the State that a mailbox was a "nonresidential structure" as defined in A.R.S. § 13-1501(10) and (12).  Gill then moved to dismiss the five third-degree burglary counts.  After oral argument, the trial court granted Gill's motion, dismissing the burglary counts without prejudice.  The State timely appeals, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 13-4032(1).

## ANALYSIS

¶4        The issue we must decide is whether a mailbox is a "nonresidential structure" as defined by A.R.S. § 13-1501(10) and (12), and therefore whether "[e]ntering or remaining unlawfully" in or on a mailbox "with the intent to commit any theft or any felony therein" constitutes third-degree burglary as defined in A.R.S. § 13-1506(A)(1).  We review de novo the trial court's interpretation of these statutes, and our interpretation is derived from the language of the statutes.  *See State v. Garcia*, 219 Ariz. 104, 105-06, ¶ 6, 193 P.3d 798, 799-800 (App. 2008).

¶5        The legislature has defined third-degree burglary in A.R.S. § 13-1506(A)(1) as:

Entering or remaining unlawfully in or on a *nonresidential structure* or in a fenced commercial or residential yard with the intent to commit any theft or any felony therein.

(Emphasis added.)  "'Nonresidential structure' means any structure other than a residential structure and includes a retail establishment."  A.R.S. § 13-1501(10).  And the term "structure" means:

[A]ny vending machine or any building, object, vehicle, railroad car or place with sides and a floor that is separately securable from any other structure attached to it and that is used for lodging, business, transportation, recreation or storage.

A.R.S. § 13-1501(12).  In accordance with this statutory language, a "structure" for these purposes must satisfy three requirements:  the structure must be (1) "any vending machine or any building, object, vehicle, railroad car or place with sides and a floor" that is (2) "separately securable from any other structure attached to it" and (3) "used for lodging, business, transportation, recreation or storage."

¶6        Regarding the first requirement, we conclude that the qualifying phrase "with sides and a floor" applies only to the antecedent noun "place," based on the sentence structure in § 13-1501(12) and Arizona's "last antecedent rule," which recognizes that, absent a contrary expression of intent by the legislature, a qualifying phrase shall be applied to the word or phrase immediately preceding it.  *See New Sun Business Park, LLC v. Yuma County*, 221 Ariz. 43, 47, ¶ 15, 209 P.3d 179, 183 (App. 2009) (regarding the last antecedent rule); *Advanced Property Tax Liens, Inc. v. Sherman*, 227 Ariz. 528, 531, ¶ 14, 260 P.3d 1093, 1096 (App. 2011) (considering "the language and sentence structure" in interpreting a statute to "harmonize" its provisions).  The requirement of "sides and a floor," therefore, does not apply to the other items that may constitute a structure under § 13-1501(12) — "any vending machine or any building, object, vehicle, [or] railroad car."

¶7        The trial court ruled that because the bottom of a mailbox is not large enough for a person to stand on, it is not a "place with sides and a floor."  The State challenges this ruling.  But we need not decide if a mailbox is a "place with sides and a floor," however, because a mailbox

may be reasonably described as an "object," thereby satisfying the first requirement of a "structure" under § 13-1501(12).

¶8        We further conclude, based on the language and structure of § 13-1501(12), that any of the listed items meeting the first requirement must also be "separately securable from any other structure attached to it" and "used for lodging, business, transportation, recreation or storage" because each of these requirements is separated from those within the first requirement – and from each other – by the phrase "that is."  The word "that" may be used to introduce "a subordinate clause expressing a statement" and the phrase "that is" may identify "a formula introducing . . . an explanation or further clarification of a preceding word or words."  The New Oxford American Dictionary 1747 (2d ed. 2005).[1]  With these uses in mind, we interpret the phrase "that is" in § 13-1501(12) as introducing words of limitation on the scope of those options described in the first requirement.  *See Corporation Comm'n v. Equitable Life Assur. Soc. of U.S.*, 73 Ariz. 171, 179, 239 P.2d 360, 365 (1951) (noting that the legislature may insert "words of limitation" to make a statute "more definite and certain"); *cf. State v. Weinstein*, 182 Ariz. 564, 568, 898 P.2d 513, 517 (App. 1995) (noting the impropriety of a court inserting "words of limitation" into a statute that do not already exist).  We reject an interpretation that would apply the second and third requirements — "separately securable" and "used for lodging, business, transportation, recreation or storage" — only to a "place with sides and a floor."  The statute's use of the words "that is" to add the second and third requirements of a "structure" compels our conclusion and is the most consistent and logical reading of the statute.

¶9        The parties acknowledge that a mailbox is "separately securable from any other structures attached to it," as required by the second requirement to be a "structure."  Addressing the third element then, we must evaluate whether a mailbox is "used for lodging, business, transportation, recreation or storage" within the meaning of A.R.S. § 13-1501(12).  If it is, a mailbox is a "nonresidential structure" for third-degree burglary purposes.

¶10       Common sense and the plain meaning of "lodging," "transportation," and "recreation" indicate that a mailbox is not used for any of these purposes.  *See State v. Barragan-Sierra*, 219 Ariz. 276, 282, ¶ 17,

---

[1] We may consult respected dictionaries to determine the ordinary meanings of words.  *See Stout v. Taylor*, 233 Ariz. 275, 278, ¶ 12, 311 P.3d 1088, 1091 (App. 2013).

196 P.3d 879, 885 (App. 2008) (employing "a common sense approach" to interpreting statutes). We resolve this issue by concluding that a mailbox is used for "storage." Accordingly, we do not address whether or under what circumstances a mailbox is used for "business."

¶11        The State asserts that a mailbox "is used for storage of mail until such time as the recipient picks it up." Gill concedes that a mailbox could be used for storage, but only in a "temporary" sense. We have considered this court's opinion in *State v. Mann,* 129 Ariz. 24, 628 P.2d 61 (App. 1981), which held that a Salvation Army "collection box," the contents of which were picked up approximately every 36 hours, was a nonresidential structure. The *Mann* court did not analyze the question of "storage" in depth but stated that the collection box "was used for storage." *Id.* at 25-26, 628 P.2d at 62-63. Likewise, we have considered an opinion of this court that preceded *Mann, State v. Jones,* 27 Ariz. App. 180, 182, 552 P.2d 769, 771 (App. 1976), which analyzed whether items stolen in the course of loading and unloading in a commercial yard could be considered "stored." The *Jones* court said that the "mere transitory period involved in loading and unloading" was not "storage." *Id.*

¶12        We agree with the State that a mailbox is used for "storage" of outgoing mail awaiting pickup by the mail carrier and of incoming mail until it is retrieved by the intended recipient. Additionally, the items taken by Gill out of the mailboxes were not in the midst of a "transitory period" such as "loading and unloading" as in *Jones.* In our view, this case is more akin to *Mann,* in which mail delivered to a mailbox is "stored" until the intended recipient removes it from the mailbox. Moreover, the ordinary meaning of the term "storage" does not indicate that a thing must be in storage for a specific amount of time before it can be considered "stored" or "in storage." *See* The New Oxford American Dictionary 1671 (2d ed. 2005) (defining "storage" as "the action or method of storing something for future use"). For these reasons, a mailbox is used for "storage."

¶13        Although we resolve this appeal by interpreting the language of the applicable statutes, we have considered whether unlawful entry of a mailbox constitutes traditional burglary. The trial court, before dismissing the burglary charges against Gill, drew a distinction between burglary and theft, suggesting that the act at issue here was more appropriately described as theft. The trial court's distinction is not without historical merit — "entering" a mailbox appears substantially beyond the scope of burglary as understood at common law. *See* Helen A. Anderson, *From the Thief in the Night to the Guest Who Stayed Too Long: The Evolution of Burglary in the Shadow*

*of the Common Law*, 45 Ind. L. Rev. 629, 633-34 (2012) (observing that burglary initially focused on the breaking and entering of a dwelling with the intent to commit a crime). Nevertheless, modern definitions of burglary, as reflected in various states' statutes, have considerably broadened the range of acts that may constitute burglary. *See generally* Minturn T. Wright III, *Statutory Burglary – The Magic of Four Walls and a Roof*, 100 U. Pa. L. Rev. 411, 414-24 (1951) (tracing the development of burglary in moving away from focusing on common law elements such as "breaking" and "dwelling"). Arizona has embraced this conceptual broadening of burglary by enacting statutes such as A.R.S. §§ 13-1506 and -1501(10) and (12), which make the unlawful "entering or remaining" on a "nonresidential structure" with the requisite intent a felony. We also note that this court has previously explained that a significant purpose behind burglary as an offense is to protect one's privacy in addition to one's person and property. *See State v. Mitchell*, 138 Ariz. 478, 480, 675 P.2d 738, 740 (App. 1983) (observing that "the crime of burglary necessarily involves an infringement of the victim's right to privacy"); *State v. Hinden*, 224 Ariz. 508, 511, ¶ 13, 233 P.3d 621, 624 (App. 2010) (similar).

¶14        It is squarely within the legislature's authority to define crimes and set penalties. *See State v. Casey*, 205 Ariz. 359, 362, ¶ 10, 71 P.3d 351, 354 (2003) (citations omitted) (superseded by statute on other grounds); *State v. Jackson*, 186 Ariz. 490, 491, 924 P.2d 494, 495 (App. 1996) ("The authority to define crimes and fix the penalties for such crimes rests with the legislature, not the judiciary."). Furthermore, we note that the third-degree burglary offenses alleged against Gill, if proven, involve an infringement of the victims' privacy. Therefore, despite the logical distinction between theft and burglary identified by the trial court, we defer to the legislature's policy judgment expanding the scope of the offense of burglary, and we base our interpretation on the words and sentences enacted by the legislature. *See State v. Berger*, 212 Ariz. 473, 476, ¶ 13, 134 P.3d 378, 381 (2006) (noting that "courts must accord substantial deference to the legislature and its policy judgments" in analyzing sentencing statutes); *State v. Wagstaff*, 164 Ariz. 485, 490, 794 P.2d 118, 123 (1990) (affirming that "statutory language is given its plain meaning unless impossible or absurd consequences would result.").

**CONCLUSION**

¶15        We hold that, for the purposes of third-degree burglary, a mailbox meets the definition of "nonresidential structure" under A.R.S. § 13-1501(10) and (12) because it is an object that is separately securable and

used for storage.  Accordingly, we vacate the trial court's dismissal of the third-degree burglary charges against Gill and remand for further proceedings.



Ruth A. Willingham · Clerk of the Court
FILED: gsh